24477. HANSBERGER MOTOR TRANSPORTATION COMPANY *v.* PATE.

STEPHENS, J. 1. Whether, in the exercise of due care required of the operator of an automobile along a public highway to prevent a collision with an obstacle ahead on the highway, the operator can within a certain distance bring his automobile to a stop, is dependent upon a number of factors, such as the size and weight of the automobile, the speed at which it is being operated, the condition of the tires and of the brakes, the nature and condition of the roadway, etc. Thus, where the operator of an automobile traveling 40 miles an hour along a public road, after coming around a curve, observed another automobile parked in the roadway about 100 yards ahead and in such a manner that a portion of the automobile was to the left of the middle of the road, and where by reason

of a curve in the roadway beyond the parked automobile, and the narrowness of the space in the roadway to the left of the parked automobile, and the presence of people to the left of the parked automobile, the operator did not attempt to pass to the left of the parked automobile, but applied the brakes, and the automobile began to skid upon the pavement which was wet, and he released the brakes to prevent the skidding, and then applied the brakes, but did not attempt to go around the parked automobile on the left, but, without coming to a stop, ran against the automobile parked in the roadway ahead, it can not be said as a matter of law that the driver by the exercise of due care in operation of the automobile, under all the circumstances, could have prevented the collision.

2. A witness's estimate or opinion respecting the distance between two points on a roadway has a probative value, as well as that of another witness, respecting the actual measurement of the distance. The weight of the evidence and the credibility of the witnesses are matters to be determined by the jury. *Martin v. Martin,* 135 *Ga.* 162 (68 S. E. 1095) ; *Minchew v. Nahunta Lumber Co.,* 5 *Ga. App.* 154 (4) (62 S. E. 716) ; *Haverty Furniture Co. v. Calhoun,* 15 *Ga. App.* 620 (84 S. E. 138) ; *Landrum v. Swann,* 8 *Ga. App.* 209 (68 S. E. 862) ; *Hays v. State,* 16 *Ga. App.* 20 (5) (84 S. E. 497) ; *Lamb v. Sewell,* 20 *Ga. App.* 250 (92 S. E. 1011). Where the operator of an automobile along a public road, after having observed a parked automobile ahead, ran against it, and as a witness testified according to his estimate and opinion as to the distance between the point in the road where he was when he first observed the automobile ahead and the place where the automobile was parked, and another witness testified that the distance between these two points was, as found by him from actual measurement he made, far in excess of the distance as estimated by the other witness, and where, had the distance between the two automobiles when the operator first observed the parked automobile ahead been the distance as actually measured, the inference would be demanded as a matter of law that the driver of the automobile, at the rate of speed at which it was being operated according to his testimony and other undisputed facts and circumstances, could in the exercise of due care have prevented the collision between his automobile and the one ahead, this inference, when the estimate of the driver of the automobile as to the distance between his automobile and the automobile ahead of him when he first saw it, is taken into consideration, is not demanded as a matter of law.

3. Whatever may be the rule respecting the weight, as a matter of law, to be given to the testimony of a party to a case who offers himself as a witness, whether such testimony, if adverse to the party's interest, should be taken as conclusively establishing the fact notwithstanding it may be contradicted by other testimony in the case, it is nevertheless true that testimony which consists in the opinion or estimate of a witness as to a matter such as distance, is not conclusive as to the fact testified about, and possesses a probative value only as being sufficient, when weighed by the jury in connection with other evidence, to establish the fact testified about. An admission in the testimony of a party is not, as a matter of law, to be taken as conclusively true, where it is in the

nature of an estimate or guess. In such case it may be overcome by evidence of the facts and circumstances which form the basis of the admission. 22 C. J. 423, and cit. Nothing actually decided in *Western & Atlantic Railroad Co.* v. *Evans*, 96 *Ga.* 481 (23 S. E. 494), and *Southern Bank* v. *Goette*, 108 *Ga.* 796 (33 S. E. 974), is in conflict herewith. Where the plaintiff as a witness testified that according to her opinion and estimate of the distance the automobile in which she was riding at the time she received the injuries was 200 yards distant when the defendant's parked truck hove in sight, this testimony does not establish conclusively and as a matter of law, as against the witness because she is a party to the case, that the distance was 200 yards; but where the operator of the automobile in which the plaintiff had been riding testified that in his opinion the distance was 75 or 100 yards, the evidence authorized a finding by the jury, under all the circumstances, that the testimony of the operator as to the distance, and not that of the plaintiff, was the correct estimate of the distance. *Steele* v. *Central of Georgia Railway Co.*, 123 *Ga.* 237 (51 S. E. 438). Therefore it does not appear, conclusively and as a matter of law, that the automobile in which the plaintiff was riding was 200 yards distant from the parked automobile and that the automobile could in the exercise of due care by the operator, have been stopped in time to prevent the plaintiff's injuries.

4. On the trial of a suit brought by a guest in an automobile, who received personal injuries from a collision of the automobile with a parked truck in the roadway, to recover of the owner of the truck for injuries caused by alleged negligence of the defendant in not parking the truck on the extreme right of the road as required by law for parking automobiles along public roads, but in parking the truck with a portion projecting to the left of the middle of the road, where there was evidence, though contradicted, that the truck was parked as alleged, and evidence that the automobile in which the plaintiff was riding collided with the truck, and evidence as above indicated, relative to the conduct and operation of the automobile in which the plaintiff was riding, the inference was authorized that the plaintiff's injuries were proximately caused by the negligence of the defendant as alleged, and the evidence did not demand the inference, as a matter of law, that the proximate cause of the injuries was due to any negligence of the operator of the automobile in which the plaintiff was riding.

5. The verdict for the plaintiff was authorized, and the court did not err in overruling the motion for new trial, which was based on the general grounds only.

*Judgment affirmed.* *Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 23, 1935. REHEARING DENIED OCTOBER 4, 1935.

*Jones, Johnston, Russell & Sparks, Willingham & Willingham,* for plaintiff in error.

*Smith & Ross, Williams & Freeman,* contra.