25813. S. C. JONES CO. INC. *v.* YAWN.

Decided November 27, 1936. Rehearing denied December 10, 1936.

Ross & Williams, W. S. Mann, for plaintiff in error.
E. E. Persons, Will Ed Smith, contra.

JENKINS, P. J.  1.  "A man can not heedlessly rush into grave peril of the existence of which he is perfectly aware, and then hold any one else, whether negligent or not, responsible for the consequences," since thus to take "knowingly and deliberately . . a risk, the danger of which, to any person of common prudence, would have been plain and obvious," constitutes such contributory negligence as will prevent a recovery. *City of Columbus* v. *Griggs*, 113 *Ga.* 597 (38 S. E. 953, 84 Am. St. R. 257); *Reid* v. *So. Ry. Co.*, 52 *Ga. App.* 508, 510 (183 S. E. 849).  But questions of diligence and negligence, including contributory negligence and what negligence constitutes the proximate cause of the injury complained of, being ordinarily questions peculiarly for the jury, such as this court will decline to solve on demurrer except in clear, plain, and indisputable cases (*Tybee Amusement Co.* v. *Odum*, 51 *Ga. App.* 1, 3, 179 S. E. 415, and cit.), the plaintiff can not be held guilty of contributory negligence as a matter of law, unless the alleged danger, such as a parked automobile or other obstruction in a high-, way, was obviously of a character that no person in the exercise of ordinary prudence would have attempted to approach or pass the same in the manner stated, or that such an attempt, or manner of attempt, plainly and unequivocally amounted to a want of ordinary care and diligence. *Samples* v. *Atlanta*, 95 *Ga.* 110 (22 S. E. 135); *Harrell* v. *Macon*, 1 *Ga. App.* 413, 416 (58 S. E. 124); *MacDougald Construction Co.* v. *Mewborn*, 34 *Ga. App.* 333 (129 S. E. 917); *Mann* v. *Central of Ga. Ry. Co.*, 43 *Ga. App.* 708, 713 (160 S. E. 131); *Rape* v. *Tenn., Ala. & Ga. Ry.*, 47 *Ga. App.* 96 (169 S. E. 764); *Buffington* v. *A., B. & C. R. Co.*, 47 *Ga. App.* 85 (169 S. E. 756); *Williams* v. *Evans*, 50 *Ga. App.* 496 (178 S. E. 460).

2.  In the instant suit, by the owner of an automobile truck driven by his agent, brought against the corporate owner of another automobile truck and trailer, on account of its alleged negligence in parking the same in the middle of a paved State highway, 18 feet wide with 2 or 3 yards of dirt and grass road on each side, the amended petition alleged that the parked truck was about 185 yards south of the crest of a hill; that between this crest and the parked truck, about 75 yards north of that truck, another truck, headed north, had stopped on the left side of the highway; that when the plaintiff's truck, traveling south, reached the crest

of the hill, his driver saw the truck of the defendant, appearing as if in motion, but that earlier vision of the truck was prevented by the crest of the hill; that there was room for a truck to be driven on the left of defendant's truck, if another car coming from the south did not prevent; that the plaintiff's brakes were efficient and serviceable, and his driver, as soon as he ascertained that the defendant's truck was stopped in the middle of the road, applied the brakes on the plaintiff's truck, but when they were so applied the truck skidded on the wet pavement, and the driver "slacked off the brakes;" that the driver could not see an approaching Ford car, because another truck and trailer, obscuring his vision, had stopped on the left side of the road about 75 yards north of defendant's truck, and because a curve extended south in the direction of the Ford's approach; that the Ford car, pulling up alongside of defendant's truck, completely blocked the highway, and plaintiff's driver could not pass around because of a dangerous high fill; that plaintiff's driver again applied the brakes of his truck, which skidded on the slick and wet highway into the rear end of defendant's truck, causing the demolition of plaintiff's truck and the injuries sued for. The defendant excepted to the overruling of its demurrers to the petition. The averments not being essentially different, this case is controlled by the decision in *Hansberger Motor Transportation Co.* v. *Pate,* 51 *Ga. App.* 877 (181 S. E. 796), wherein it was held that the factors of alleged negligence as to the manner of operation of such a traveling automobile, which skidded into another automobile parked about 100 yards ahead, were for the consideration of the jury; that it could "not be said as a matter of law that the driver by the exercise of due care in the operation of the automobile, under all the circumstances, could have prevented the collision;" and that "the evidence did not demand the inference, as a matter of law, that the proximate cause of the injuries was due to any negligence of the operator of the automobile in which the plaintiff was riding." In the instant case, although the alleged distance from the crest of the hill, from which the parked automobile first became visible to plaintiff's driver, was about 185 yards, whereas in the *Pate* case the visibility was 100 yards, other factors, such as the skidding on the wet and slick pavement after the first application of the brakes, the presence of another intervening parked automobile on one side

of the highway, and the approach of still another car coming from beyond a curve and therefore not previously visible, preclude this court, as in the *Pate* case, from determining as a matter of law that the plaintiff and his driver were guilty of contributory negligence, such as would preclude any recovery, or some recovery in a reduced amount under the rule of comparative negligence, or that the negligence of the plaintiff and his driver was the sole proximate cause of the injury, exclusive of any negligence by the defendant. Whether the injury was occasioned by one or both of these parties, and the extent, if any, of the negligence of each, or was occasioned by negligence of other persons in one or both of the other two automobiles, or was occasioned by other causes, all would be for the determination of the jury, as the evidence may appear at the trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*