### 30189. COURSON *v.* ATLANTA, BIRMINGHAM & COAST RAILROAD COMPANY.

DECIDED NOVEMBER 24, 1943. REHEARING DENIED DECEMBER 14, 1943.

*Ringel & Ringel, D. W. Krauss,* for plaintiff.
*Conyers, Gowen & Conyers,* for defendant.

STEPHENS, P. J.  The superior court sustained the general demurrer of the defendant, Atlanta, Birmingham & Coast Railroad Company, to the petition of J. B. Courson against the railroad company to recover damages for the alleged tortious homicide of his minor son.  It was alleged that the son of the plaintiff was riding in an automobile with another as a guest-passenger of the driver, the owner of the automobile, and that the railroad company was negligent in causing the public highway between Nahunta and Brunswick, along which the automobile was proceeding on that particular morning, at a time when the visibility of persons using the highway was impaired on account of fog, mist, and other murky conditions of the atmosphere, to be blocked by a train of flat cars. It was further alleged that the railroad company, on account of the atmospheric conditions impairing the visibility of motorists using the highway, was negligent in not placing a warning signal, or light, or otherwise  notifying such motorists that the crossing was blocked; that the "flat cars had been permitted to be and remain stationary on said public crossing for some hours, to say one, two, three, or four hours prior to the killing of petitioner's said son."  A jury could find that this was negligence.  *Gay* v. *Smith,* 51 *Ga. App.* 615 (181 S. E. 129).

It was alleged in the petition that the driver of the automobile was driving at a moderate and reasonable rate of speed, 25 to 30 miles an hour, on approaching the crossing which was obstructed by the railroad company's flat car, and that the flat car obstructing the highway was "below the line of light on said highway made by the automobile lights" of the driver, and that he did not and could not see the flat car on the crossing until it was too late for him to stop his automobile by putting on the emergency brakes, which he did; that he was not familiar with the roadway so as to know that he was anywhere near the crossing or approaching the crossing; that it was dark and he could not see the crossing until he was within about eight or ten feet of it, and it was then too late for him to stop his automobile though he used every effort he could to do so.  Under the facts alleged it does not appear conclusively and as a matter of law that the driver of the automobile was guilty of negligence which was the sole proximate cause of the death of the plaintiff's son.  *Hansberger Motor Transportation Co.* v. *Pale,* 51 *Ga. App.* 877 (181 S. E. 796) ; *Bowe* v. *Bell,* 54 *Ga. App.* 829 (189 S. E. 269) ; *Jones* v. *Yawn,* 54 *Ga. App.* 826 (188 S. E. 603).

It appearing from the petition as amended that the defendant was negligent in blocking the highway without giving warning thereof, and it not appearing from the petition that the death of the plaintiff's son was caused solely by the operation of the automobile in which he was riding, a jury could infer that such negligence of the defendant proximately contributed to the injury.

The cases of *Brinson* v. *Davis*, 32 *Ga. App.* 37 (122 S. E. 643), *Central of Georgia R. Co.* v. *Adams*, 39 *Ga. App.* 577 (147 S. E. 802), and *Baker* v. *Atlantic Coast Line R. Co.*, 52 *Ga. App.* 624 (184 S. E. 381), are distinguishable. In the *Brinson* case, while the plaintiff was the guest of the driver of the automobile, his injuries were caused solely by the negligence of the driver, and therefore the railroad company was not liable. In the cases of *Central of Georgia R. Co.* v. *Adams*, and *Baker* v. *Atlantic Coast Line R. Co.*, the plaintiff in each case was the driver of the automobile, and it appeared that the railroad company was not liable because the plaintiff's injuries were the result of his own negligence.

It was error to sustain the general demurrer and dismiss the petition. *Judgment reversed. Sutton and Felton, JJ., concur.*