43724. FOY v. EDWARDS.

ARGUED JUNE 3, 1968—DECIDED NOVEMBER 18, 1968.

666

Thomas M. Odom, Limerick L. Odom, Florence H. Dendy, Percy J. Blount, for appellant.

Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, for appellee.

EBERHARDT, Judge. ■ The evidence did not demand but would have authorized a verdict for either party; hence there is no merit in the general grounds. Cf. Hansberger Motor Transp. Co. v. Pate, 51 Ga. App. 877 (181 SE 796).

Plaintiff testified that as she approached the curve she took her foot from the accelerator, allowing the car to slow down and that it did slow down to some extent, but that when it hit the asphalt topping through which tar was bleeding it "fishtailed" causing her to lose control, and that she "didn't have time to do anything" before the collision occurred. "It is common knowledge that a skidding automobile, is very difficult to accurately control," Mink v. Brown, 276 Ala. 3, 6 (158 S2d 647), and "mere skidding of a [vehicle] does not in and of itself necessarily constitute negligence," Statler v. St. Louis Pub. Serv. Co., (Mo. App.) 300 SW2d 831, 834, it being incumbent on the plaintiff to show that skidding was the result of the negligent operation of the automobile by the defendant. Matkevich v. Robertson, 403 Pa. 200 (168 A2d 91). See also Heidt v. People's Motorbus Co., 219 Mo. App. 683 (2) (284 SW 840); Williams v. Holbrook,

216 Mass. 239 (103 NE 633, 634); Martin v. Holway, 126 Conn. 700 (14 A2d 38); *S. C. Jones Co. v. Yawn*, 54 Ga. App. 826 (2) (188 SE 603); 1 Blashfield 680, § 749. "[I]t is common knowledge that an automobile may skid on a slippery highway without any negligence on the part of the operator." Atlantic Greyhound Corp. v. Franklin, 301 Ky. 867, 871 (192 SW2d 753).

Under this record it was within the province of the jury to conclude that the occurrence was an accident unmixed with negligence on the part of the defendant, though they might have reached a contrary conclusion. But having resolved that issue in the defendant's favor and the verdict having the approval of the trial judge, we cannot disturb it.

■ When plaintiff tendered the Carlisle Mortality Table the court refused to admit it into evidence, observing that there had been no evidence that the plaintiff suffered any permanent injury.

Examination of the record indicates that the court was correct about the matter, but even if it could be said that there was some evidence from which the jury might infer a permanent injury, the exclusion of this evidence would not afford ground for a new trial because it was relevant only with respect to the amount of damages that the plaintiff might be entitled to recover. There was a verdict for the defendant, rejecting the plaintiff's contentions as to liability, and thus errors, if any, as to the admission or exclusion of evidence dealing with the extent of the injury or as to the amount of the damages were harmless. *McBride v. Ga. R. &c. Co.*, 125 Ga. 515 (1) (54 SE 674); *Robinson v. Murray*, 198 Ga. 690 (2) (32 SE2d 496); *Parsons v. Grant*, 95 Ga. App. 431, 435 (98 SE2d 219); *Paulk v. Thomas*, 115 Ga. App. 436, 442 (154 SE2d 872); *Stubbs v. Greyhound Lines*, 116 Ga. App. 58 (2) (156 SE2d 474).

■ The only portion of the charge to which an exception was made before verdict as required by § 17 of the Appellate Practice Act was the failure of the court to charge the statute (*Code Ann.* § 68-1726 (9)) relative to the standard for tires to be used on vehicles when on the public highways. Pretermitting the matter of whether the objection was sufficient in form or substance to meet the requirements of *Carroll v. Morrison*, 116 Ga. App. 575 (4) (158 SE2d 480), we observe that while the

statute provides that "all tires shall have measurable tread, free from any breaks," there was no testimony from any witness that the tires on defendant's car did not have measurable tread. Photographs of the vehicle which were introduced in evidence show a considerable visible tread, and if it is visible we cannot say that it is not measurable. The State patrolman who investigated the accident testified that there were some "slick spots" on the tires and that the tread was "mighty low."

The defendant testified that the two tires on the front wheels had been purchased in September, 1965, and the rear tires had been purchased in March, 1966, prior to the collision in July, 1966, that they had been driven from 35 to 40 miles per day, and that while they were worn and not "brand new" they "had reasonable tread on them." There was no other evidence relative to the condition of the tires. This falls short of proof that the tires did not have a measurable tread.

There was no error in failing to give this portion of the statute in charge. It would not have been adjusted to the evidence.

■ Other exceptions to the charge, not having been urged before verdict, and not being of the kind which we conclude to show errors harmful as a matter of law, present nothing for review.

■ The exception to the court's "failure to charge as to plaintiff's permanent injury" and to a sustaining of the defendant's objections to the giving of such a charge fails to show any ground requiring a reversal, since such a charge would have related only to the measure of damages and there was a verdict for the defendant, foreclosing any liability on his part. See the discussion of the related matter in Division 2, and additionally *McBride v. Ga. R. &c. Co.*, 125 Ga. 515 (1), supra; *Livsey v. Ga. R. &c. Co.*, 19 Ga. App. 687 (3) (91 SE 1074); *Howard v. Ga. R. &c. Co.*, 35 Ga. App. 273 (8) (133 SE 57); *Wallace v. Howard*, 58 Ga. App. 428 (1) (198 SE 812); *Delta Corp. v. Knight*, 109 Ga. App. 3 (1) (135 SE2d 56).

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*