## 51044. REED et al. v. CITY OF ATLANTA.

QUILLIAN, Judge.

This is a condemnation proceeding by the condemnor/City of Atlanta, to obtain an avigation easement over the land of the condemnee/Reed. A special master was appointed, conducted his hearings, and made findings of actual damages to condemnee's property of $3,350, and consequential damages of $11,000. Both parties filed for a de novo hearing in the Fulton County Superior Court. The jury awarded the condemnee $5,000 actual damages and no consequential damages. The verdict of the jury was made the judgment of the court. The condemnee filed his motion for a new trial which was overruled. He appeals to this court, filing eight enumerations of error. *Held:*

1. The court did not err in overruling the general grounds of the motion for a new trial. The amount found by the jury for the value of the property taken and the lack of consequential damages to the remainder were within the range of the evidence. *Tift v. State Hwy. Dept.,* 99 Ga. App. 387 (1) (108 SE2d 724).

2. The condemnee alleges the trial court erred in permitting condemnor's expert witness to express his opinion as to the value of the easement in that he had never handled "the buying and selling of avigation easements when the subject property was not in threat of condemnation." The witness had been a real estate appraiser for 25 years, including commercial, residential, industrial and farm properties. He had appraised for

the Veterans Administration, General Services Administration, engineers, city attorneys, estates, mortgage loan companies, banks, and private individuals. He is a past president of the American Society of Appraisers and was then their state director. He had been a member of the Atlanta Real Estate Board for years. He testified that he had done "more avigation easements than perhaps any of the other appraisers in town." We find no error in the ruling of the trial court. *Longino v. Atlanta,* 127 Ga. App. 299, 300 (193 SE2d 190); *State Hwy. Dept. v. Raines,* 129 Ga. App. 123 (1) (199 SE2d 96).

3. We will consider the third, fifth and sixth enumerations of error together. Condemnee contends the court erred in preventing him from showing "the noise levels in condemnee's building as they related to the Occupational Safety Health Standards Act . . . what amount of money it would cost condemnee to prepare his building to comply with the Occupational Safety Health Standards Act. . . [and] how much it would cost to move his business." We disagree.

The condemnee was permitted to show the noise level within the building and outside the building during periods when aircraft were transiting the space over condemnee's property. He was permitted to show the noise levels that would disturb sleep, cause annoyance, interference with communication, cause hearing loss, physical injury, the threshold of pain, and cause loss of hearing. Evidence was introduced to show the increase in decibels when decreasing the height of aircraft from 400 feet to 200 feet to 50 feet. This testimony was sufficient to illustrate the noise issue involved with the condemnation of this property. The judge properly limited the evidence to that which was relevant to the issues. Code § 38-201. The issue was properly framed by the charge to the jury. We find no abuse of the discretion of the trial judge. See *Southwell v. State Hwy. Dept.,* 104 Ga. App. 479 (3) (122 SE2d 131).

4. The fourth enumeration of error was neither argued nor briefed and is considered abandoned.

5. Condemnee contends the verdict was inadequate as a matter of law. In assessing damages for a partial

taking of the whole property under condemnation proceedings, there are two issues: first, the market value of the property actually taken, and second — the consequential damages, if any, which naturally and proximately arise to the remainder of the condemnee's property from the original taking. *Central Ga. Power Co. v. Mays,* 137 Ga. 120 (72 SE 900). The measure of consequential damages if any, to the property which the condemnee retains, is the market value of the remainder in its circumstances just prior to the time of the taking, as compared with its market value in its new circumstances just after the time of the taking. *State Hwy. Dept. v. Hood,* 118 Ga. App. 720 (165 SE2d 601).

The burden of proving the value of the property taken, or just and adequate compensation therefor, including consequential damages, if any, is upon the condemnor. *Ga. Power Co. v. Brooks,* 207 Ga. 406 (4) (62 SE2d 183). The evidence of the condemnor placed the value of the property taken at $3,350 and no consequential damages. The evidence of the condemnee set the value of the property after the taking of the easement, at "zero."

Condemnee established his business in 1966 after construction of the airport. He knew or should have known at that time of the overflight of his property by aircraft utilizing the airport. There was no evidence of any change in the rate of ascent or descent of aircraft since the condemnee acquired this property and no evidence of change after the date of acquisition of this easement — January 5, 1973. Nor was there any evidence that the rate of ascent or descent of aircraft will be changed in the future. There was no evidence as to whether there was any change in the noise level inside or outside the business of condemnee after the taking of this easement. There was evidence that the number of flights, size and power of the aircraft has increased since condemnee first acquired his property.

The obvious purpose of such an easement is to prevent flight hazards to aircraft engaged in flight over this land. "It is the abnormal, rather than the normal flight of aircraft . . . which avigation easements . . . are chiefly designed to protect and when, because of

mechanical difficulties, wind or weather conditions or errors of judgment, the normal flight pattern cannot be maintained. Under such circumstances, it is necessary that the lower reaches of the airspace in the clear and approach zones be restricted and kept clear of obstructions for such emergencies . . ." United States v. 51.8 Acres of Land, 151 FSupp. 631, 634 (NY 1957).

The value of the property taken and the measure of consequential damages, if any, was a jury question. They heard the evidence — they were properly charged. Their findings are within the range of the evidence offered by both sides as to value. We find no error. See *Tift v. State Hwy. Dept.,* 99 Ga. App. 387 (1), supra.

6. The remaining assignments of error are deemed to be without merit.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

Submitted September 3, 1975 — Decided October 20, 1975.

*Albert A. Roberts,* for appellants.
*Henry L. Bowden, Henry R. Bauer, Jr.,* for appellee.