76580. RUCKER v. DEPARTMENT OF TRANSPORTATION.
(372 SE2d 839)

BENHAM, Judge.

This is a condemnation case. The only issue on appeal is whether the trial court erred in giving the following jury instruction taken from *State Hwy. Bd. v. Bridges*, 60 Ga. App. 240, 243 (3 SE2d 907) (1939): "The 'value' of land taken in a proceeding of this kind against a small strip of land embraces not necessarily the 'value' of the strip of land taken as an isolated parcel of land, but such additional 'value' as attaches to it by reason of its connection with the adjacent land. . . ."

Appellee condemned a .847-acre strip of land along the road frontage of appellant's 53-acre tract. At trial, appellant sought to have the jury value that strip of land without any reference to the value of the whole tract, submitting opinion evidence that small tracts are valued higher than equally sized subdivisions of larger tracts. The comparable sales figures appellant offered were of small tracts, whereas the comparable sales figures appellee offered involved larger tracts.

Appellant's argument on appeal is that the charge permits the jury to take into consideration the relationship of the land to the owner and denies just and adequate compensation to the owners of large tracts. We do not see how appellant's conclusion follows from the charge; it makes no reference to owners at all and merely permits the jury to take the rational and logical step of considering the value of the particular property involved rather than some hypothetical strip of land existing in a vacuum. Appellant had an opportunity to convince the jury that smaller lots are valued more highly and that his strip of land should be considered alone. The trial court's charge did not forbid the jury to accept appellant's position; it merely informed the jury that the value was "not necessarily" the same for a small lot and a small strip from a large tract. We find no error in that charge and appellant has offered no authority for his position that the charge is an incorrect statement of law.

Although portions of the decision in *Bridges*, supra, have been overruled in *Dept. of Transp. v. Gunnels*, 255 Ga. 495 (2) (340 SE2d 12) (1986), and *Wright v. MARTA*, 248 Ga. 372, 376 (283 SE2d 466) (1981), the statement on which the jury instruction of which appellant complains was based has not been overruled, and appellant has not convinced us to do so on this appeal.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Earnest H. Woods III*, for appellant.

*John A. Dickerson, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General*, for appellee.