A90A0239. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. FRANKLIN.
(396 SE2d 514)

McMurray, Presiding Judge.

Plaintiff Franklin filed this action for damages arising from a motor vehicle collision against defendant Diggs and her employer, defendant Southern Bell Telephone and Telegraph Company ("Southern Bell"). At trial, a verdict was directed in favor of plaintiff on the issue of liability and the jury awarded damages of $300,000. Defendant Southern Bell only appeals and enumerates as error the direction of the verdict as to liability and the admission of certain medical testimony. Plaintiff's action as to defendant Diggs was subsequently voluntarily dismissed without prejudice after defendant Southern Bell filed its notice of appeal. *Held*:

1. The collision occurred at approximately 5:00 or 5:30 p.m. on a rainy February day. Defendant Diggs was in a company vehicle returning to her work center when she exited from Interstate 285 at Jonesboro Road. Defendant Diggs testified that: "As I was getting off of the ramp, I started to apply my brakes because it was wet. I did have on my seat belt and I did have my lights on and when I got to a certain point — and I believe it was just about maybe near where the incline started to level out — my brakes weren't holding, I wasn't going to stop. I could see that I was not going to stop and the light was red and in order to avoid — traffic was coming southbound, and in order to try to avoid going out into the intersection and into the oncoming traffic, I turned my wheels to the right and had the accident. . . ." Defendant Diggs also testified that she had been paying attention prior to the accident and was very much surprised when she realized she was not going to be able to stop.

Plaintiff introduced evidence of an internal investigation by defendant Southern Bell which concluded that when defendant Diggs applied brakes to slow down the vehicle began to hydroplane, causing a loss of control and the collision. An employee of Southern Bell, who participated in the internal investigation of the collision, opined that defendant Diggs "was driving too fast, because the vehicle didn't stop and went into the intersection." However, this witness further testified that his opinion was predicated in part upon a police report and that "the police report stated that the speed limit was 35 miles an hour at where the accident occurred and the employee was allegedly

driving 20 miles an hour." The testimony of defendant Diggs indicates that she was well trained and experienced in the operation of the company vehicles, was attentive to her driving prior to the collision, and had adjusted her driving in response to the rainy conditions. " '(I)t is common knowledge that an automobile may skid on a slippery highway without any negligence on the part of the operator.' [Cit.]" *Foy v. Edwards*, 118 Ga. App. 665, 666 (1), 667 (165 SE2d 176). The evidence did not demand a verdict for plaintiff. The trial court erred in directing the verdict on the issue of liability in favor of plaintiff. Id.

2. Defendant Southern Bell also enumerates as error the admission of expert opinion testimony by Dr. Stiller, a physician who had treated plaintiff, which opinion was based on reports and tests, prepared by others, who did not testify at trial, and which were not admitted into evidence. "Generally, an expert's opinion cannot be stated upon facts or reports which are not admitted in evidence. OCGA § 24-9-67; *Dual S. Enterprises v. Webb*, 138 Ga. App. 810, 813 (227 SE2d 418). Thus, in the realm of expert medical testimony it is said: 'Opinion testimony based merely upon records and case history furnished the witness by other doctors and not a part of the evidence in the case is objectionable.' *Zurich Ins. Co. v. Zerfass*, 106 Ga. App. 714, 719 (128 SE2d 75)." *Andrews v. Major*, 180 Ga. App. 393, 394 (2), 395 (349 SE2d 225). The trial court erred in admitting Dr. Stiller's opinions which were predicated in part on the opinions of other health care providers, which were not admitted into evidence. See *Stouffer Corp. v. Henkel*, 170 Ga. App. 383, 386 (2) (317 SE2d 222); *Buffalo Cab Co. v. Gurley*, 134 Ga. App. 167, 168 (1) (213 SE2d 545).

*Judgment reversed. Sognier, J., concurs. Carley, C. J., concurs in Division 1 and in the judgment.*

DECIDED JULY 3, 1990 —
REHEARING DENIED JULY 19, 1990 — CERT. APPLIED FOR.

*Glass, McCullough, Sherrill & Harrold, R. Philip Shinall III, Susan L. Goodman*, for appellant.
*James A. Goldstein, Dennis M. Redic*, for appellee.