A91A0951. RENEW et al. v. EDENFIELD et al.

(408 SE2d 499)

BIRDSONG, Presiding Judge.

Appellant, Donald Renew, brought suit individually and as next friend of his daughter, appellant Kimberly Renew, for personal injuries she allegedly sustained when the negligence of two truck drivers who worked for the same employer caused one of the trucks to strike a school bus in which she was riding. Appellants appeal the judgment entered in favor of defendants and the order denying their motion and amended motion for new trial. Before trial appellees entered certain admissions of liability; however, the issue of damages remained to be litigated. At trial it was strongly contested whether appellant Kimberly Renew was injured and, if so, to what extent. The jury awarded no damages to appellants/plaintiffs. *Held*:

1. Appellants assert the trial court erred in permitting the deposition testimony of Dr. Ridley, thus denying them their rights of cross-examination. The record reflects that appellants' counsel took Dr. Ridley's deposition and examined him by means of direct examination.

OCGA § 9-11-32 (a) pertinently provides: "At the trial . . . any part or all of a deposition . . . may be used against *any* party who was present or represented at the taking of the deposition or who had reasonable notice thereof. . . ." (Emphasis supplied.) "A party does

not make a person his own witness for any purpose by taking his deposition." OCGA § 9-11-32 (c). But in the event a deposition is introduced in evidence against the party who took it, the right of rebuttal remains. "At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party." OCGA § 9-11-32 (c). Moreover, OCGA § 9-11-32 (a) provides fair notice on its face that if the criterion for admission of a deposition contained within the statute are otherwise met, the deposition "may be used against any party who [as in this case] was . . . represented at the taking" thereof. Appellants' "contrary assertion[s] notwithstanding, we find no abridgement of his right to cross examination. . . ." *Kamman v. Seabolt*, 149 Ga. App. 167, 169 (7) (253 SE2d 842).

Additionally, any right of cross-examination is deemed to have been voluntarily, knowingly, and intelligently waived by *conduct* when long after the effective date of OCGA § 9-11-32 (a), appellants' counsel was present at and actively participated in the taking of the deposition. See also OCGA § 1-3-6.

2. Appellants assert the trial court erred in permitting appellees to introduce evidence relating to the radiology report of a Dr. Fox who did not testify during trial. The report was not introduced in evidence, but was used as a vehicle for impeachment of a chiropractor testifying for appellants.

Although overruling appellants' objections, the trial court gave the jury a limiting instruction which included inter alia a charge that "the matter that this witness reads . . . is not to be taken by the jury as establishing, as a matter of fact, that what is read is true."

The report as utilized constituted hearsay. *Attaway v. Morris*, 110 Ga. App. 873 (2) (140 SE2d 214); compare *Southern Bell Tel. &c. Co. v. Franklin*, 196 Ga. App. 474 (2) (396 SE2d 514) (physical precedent only); *Fidelity &c. Ins. Co. v. Cigna Pacific &c. Ins. Co.*, 180 Ga. App. 159, 162 (1) (348 SE2d 702), and *Stouffer Corp. v. Henkel*, 170 Ga. App. 383, 386 (2) (317 SE2d 222). The holding of this court in *Seaboard C. L. R. Co. v. Smalley*, 127 Ga. App. 652, 654 (1) (194 SE2d 612) that hearsay evidence is admissible for impeachment though inadmissible for other purposes was substantially modified in *McAllister v. State*, 258 Ga. 795, 798 (6), n. 2 (375 SE2d 36). *Miller v. State*, 260 Ga. 191, 194 (6) (391 SE2d 642). Accordingly, " '[w]hile a prior inconsistent statement made by a witness may be used for impeachment, there is no general rule of law which allows all hearsay evidence to be used for impeachment.' Id. Thus, the hearsay evidence in question was not admissible merely because it was offered for impeachment purposes." We are unaware of any exception to the hearsay rule that would permit this particular use of the radiology report; however, in view of our holding in Division 3 below, we need not de-

termine whether this error was prejudicial or harmless.

3. The trial court charged the jury that "[a] party to a case testifying in his own favor has no right to be intentionally or deliberately self-contradictory, and if he is so you may consider as true that version of his testimony which is most unfavorable to him." This type of charge "is appropriate only where the *party* is the sole witness testifying in his behalf and the contradictory testimony must be 'testimony presented by the party *on the trial of the case* and not testimony adduced at some other time and place which is introduced on the trial merely for the purposes of impeachment.'" (Emphasis supplied.) *Stolz v. Shulman*, 191 Ga. App. 864, 869 (3) (383 SE2d 559) and cases cited therein.

Examination of the record reveals appellant Kimberly Renew was the only party plaintiff who testified, although other witnesses testified for the plaintiffs. Appellees do not cite this court to, and we cannot find, any instances in the record where Kimberly's testimony *at trial* was self-contradictory. Rather appellees cite this court to instances in the trial record where inconsistencies between Kimberly's consistent trial testimony and her out-of-court deposition were shown in an obvious attempt by appellees/defendants to impeach her. The giving of this type of instruction when the testimony presented by the party *at trial* was not per se self-contradictory, but was contradicted only by prior inconsistent deposition testimony by the party, constitutes reversible error. *Slaton Machine Sales v. Owens-Illinois*, 138 Ga. App. 80 (3) (225 SE2d 473). Compare *Weathers v. Cowan*, 176 Ga. App. 19, 22 (2) (335 SE2d 392) and *Branan v. LaGrange Truck Lines*, 94 Ga. App. 829, 846 (96 SE2d 364); see also *Foskey v. Foskey*, 257 Ga. 736 (2) (363 SE2d 547) (charging error presumed harmful).

In view of the posture of this record, we find appellants' remaining enumerations of error to be without merit.

*Judgment reversed. Pope and Cooper, JJ., concur.*

DECIDED JULY 15, 1991.

*Dozier, Akin, Lee & Graham, Lester Z. Dozier, Jr.*, for appellants.

*Newton, Smith, Durden, Kaufold & McIntyre, Wilson R. Smith*, for appellees.