A92A0733. BLAND v. BULLOCH COUNTY.
(422 SE2d 223)

BEASLEY, Judge.

In this condemnation case, the sole issue is whether the court erred in instructing the jury on how to determine the fair market value of a partial taking. It was a 250'-wide, 15-acre strip at an angle through the middle of condemnee's 75-acre generally rectangular parcel, taken for a limited access road. Not at issue here is the determination of consequential benefits or consequential damages to the remainder; appellant does not challenge the court's charge on the calculation of that item of damages.

1. The issue as framed in the first enumeration of error and ar-

---

gued was adequately preserved below. Appellant complains that the particular jury charge was improper and confusing because it restricted the jury to a pro rata valuation of the property taken. At the conclusion of the court's instructions to the jury, appellant expressed his exceptions, including the following: "We also except to the court's charging on the take, the charge that they must give consequential damages — I mean give damages, assessing the value of the whole farm, before they can assess damages on that portion for the take. We differ on the *Gunnels* decision, and I understand that." Considering the context in which the matter was raised and the reference to the differing views of the meaning of the appellate decision, the ground presented for our review was sufficiently raised and ruled on in the trial court.

2. When instructing the jury about just compensation for the part taken, the court referred to this compensation as "direct damages or damages in money for the take." It defined fair market value as "the price which property will bring when offered for sale by one who desires but is not under necessity to sell and will sell it and it is bought by another who wishes to buy but is not under a necessity to do so." It explained that in computing fair market value, not only the present use but also the past and reasonable potential uses of the property being taken should be considered. That included the taken property's highest and best use, the use "that will bring the best return to the owner." It also included any increase or decrease in value due to general information that the property was to be condemned for a road.

In further describing how the value of the taken part was to be arrived at, the court gave the contested charge:

"In order to determine total damages in a case of this kind and in this case, you should make every effort to determine the fair market value of the entire tract of property Mr. Bland owned before any of it was taken, and then you should make every effort to determine the fair market value of what was taken, the 15.84 acres, and considering that part that was taken as part of the whole."

Unobjected-to was the next instruction which is related: "Within a given piece of property, some areas of the property may have greater value than other areas in the same property. . . ."

Thereafter the court instructed the jury how to calculate damages to the remainder, if it found any.

Considering especially the whole context in which the charge at issue was given, the jury could understand that the relationship between the part taken and the whole from which it was taken must be the basis upon which the fair market value of the part taken was calculated.

Neither OCGA § 22-2-63 nor OCGA § 22-2-109, which govern the

manner of assessment and set out the factors to be considered in determining compensation, express this relational mode. See also OCGA § 22-2-62.

" 'Value' is a relative term depending on the circumstances of the land involved." Cobb & Eldridge, Ga. Law of Damages, 3d ed., § 16-6. Thus, evidence which tends to show the value of the land for any particular purpose to which it may legitimately be put is relevant. Id., § 16-14. Obviously, then, the setting of the land is to be taken into account, for that will help determine its highest and best use.

The charge here suffers from the infirmity noted by Judge Carley and adopted by the Supreme Court in *Department of Transp. v. Gunnels*, 255 Ga. 495, 496 (340 SE2d 12) (1986), "[i]t appears that employment of the term 'whole lot' in the contested charge, which purports to give the measure of damages for the portion actually taken and considered *as a part of the whole*, is in fact easily confused with a statement of the proper measure of consequential damages to that portion which remains."

A pro rata method of ascertaining the value of a partial taking is not necessarily proper because the value of the part taken is not dependent on the size of the whole. If, for example, the 15-acre strip was taken from 105 acres (1/7 of the whole) rather than from 75 acres (1/5 of the whole), the pro rata method could result in a lower value simply because of the size of the whole. There was evidence that pro rata value would be greater for smaller tracts of land. The county even pointed out in its opening statement that all the appraisers would say that smaller tracts sell for more money per acre than larger tracts. In other words, selling 15 acres would not necessarily be at the same per-acre price as selling 75 acres. Yet it is only the 15 acres that is being "sold" through condemnation.

In addition, the pro rata method does not accommodate variations in the value of different parts of a tract; a frontage strip may have more value than a back strip, or a pond may have a different value than a hill on the same tract. The pro rata method averages the value of whatever the condemnee happens to own, rather that measuring the value of the taken portion as it is, with its unique characteristics and particular setting. Even if the whole tract is constant and has no varying features upon it, the fair market value of the whole if it were sold (wholesale) may be less than the fair market value of a number of equal pieces sold individually to separate buyers (retail).

The *value* of the part taken is not automatically measured by the *size* of the parcel from which it is taken, although the value of the part taken may be derived in part by the *nature* of the land around it because the setting affects the highest and best use of the taken property.

We find no authority in Georgia for the proposition that the

value of the land taken is a pro rata value of the whole from which it is taken. As to the property taken, the jury is to award "the market value of the property actually taken." *Reed v. City of Atlanta*, 136 Ga. App. 193, 195 (5) (220 SE2d 492) (1975). Nichols points out: "In assessing the value of the land taken as part of the entire tract, it is not proper merely to compute the percentage value on the basis of an artificial unit value for the entire tract, unless the actualities of the case accord with such an approach. It may be that the part taken is the most valuable part of the tract, considered from a qualitative point of view. To attribute an average unit value thereto which is based in part on the lower value of the balance of the tract is inequitable to the owner in a double aspect. It attributes a value to the part taken which is lower than its actual value, and it attributes a higher ultimate value to the remainder area than its actual value, thereby reducing his recovery as to both factors below his actual damages." 4 Nichols' The Law of Eminent Domain § 14.06, p. 14-146 (Revised 3d ed.).[1]

The charge, which instructed the jury to employ this pro rata method, was erroneous because there was evidence that the highest and best use of the property taken could be achieved as a separate piece rather than as a part of the whole, and thus that it had a greater value as a separate tract than as part of the whole. The court did not allow the jury to calculate it according to condemnee's theory of its use and value, which would have been authorized by the evidence and the law. This case differs from *Rucker v. Dept. of Transp.*, 188 Ga. App. 283 (372 SE2d 839) (1988), because there the jury was authorized to accept the condemnee's position that the strip taken should be considered alone. Here, it was not.

*Judgment reversed. Sognier, C. J., Birdsong, P. J., Pope, Cooper and Johnson, JJ., concur. Carley, P. J., and Andrews, J., dissent. McMurray, P. J., not participating.*

ANDREWS, Judge, dissenting.

Bland appeals on the basis of the giving of the following charge to the jury: "In order to determine total damages in a case of this kind [partial taking] and in this case, you should make every effort to determine the fair market value of the entire tract of property Mr. Bland owned before any of it was taken, and then you should make every effort to determine the fair market value of what was taken, the 15.848 acres, and considering that part that was taken as a part of the whole."

---

[1] Now-Chief Justice Weltner, in his concurring opinion in *Dept. of Transp. v. Gunnels*, supra, calculated the market value of the property actually taken, "in and of itself and unrelated to the remainder."

The objection voiced after the charge was given was that condemnee excepts "to the Court's charging on the take, the charge that they must give consequential damages — I mean give damages, assessing the value of the whole farm, before they can assess damages on that portion for the take. We differ on the *Gunnels* decision, and I understand that."

1. The first enumeration argues, on the basis of *Department of Transp. v. Gunnels*, 255 Ga. 495 (340 SE2d 12) (1986), that the charge set out above restricted the jury to a pro rata valuation of the property taken.

Pretermitting the issue of whether the objection now made is the same one made below, I do not believe the charge is subject to the infirmity claimed here. In *Gunnels*, the deficient charge was that "the measure of damages for the part of the lot actually taken by [DOT] is the difference between the market value of the whole lot just before the taking and the market value of the whole lot immediately after the taking. *Now, that's the measure of damage for the part that was actually taken.*" (Emphasis supplied.) The court found this deficient in that it allowed the potential for double recovery of consequential damages to the remainder.

Such is not the case with the charge given here, which is much more similar to that given and approved in light of a *Gunnels* objection in *Rucker v. Dept. of Transp.*, 188 Ga. App. 283 (372 SE2d 839) (1988). Therefore, I conclude that *Rucker* controls this issue adversely to condemnee.

2. The charge, considered in light of the charge as a whole, was not error and did not create the confusion argued in the second enumeration. *Shennett v. Piggly Wiggly &c.*, 197 Ga. App. 502, 503 (1) (399 SE2d 476) (1990); cf. *Renew v. Edenfield*, 200 Ga. App. 484, 486 (3) (408 SE2d 499) (1991).

DECIDED JULY 16, 1992 —
RECONSIDERATION DENIED JULY 31, 1992 — 

*Edenfield, Stone & Cox, Gerald M. Edenfield, James B. Rutledge III, E. Lee Davis, Jr.,* for appellant.

*Franklin, Taulbee, Rushing & Bunce, James B. Franklin, Barbara N. McKay,* for appellee.