## A94A0721. DUNAWAY v. COLUMBIA COUNTY.
(447 SE2d 31)

BIRDSONG, Presiding Judge.

Robert H. Dunaway appeals the verdict and judgment awarding $289,000 for 100 acres taken by Columbia County, Georgia, from a 1,000-acre tract. No consequential damages were awarded. The special master's award had been $350,000 for the 100 acres taken and consequential damages to the remainder of $7,500; appellant contends there was evidence of comparable sales for $4,500 per acre and $6,000 per acre. *Held:*

1. Appellant contends the trial court erred in permitting three condemnor's witnesses to testify that the value of the 100 acres taken was the difference between the value of the whole 1,000-acre tract before the taking and the value of the remainder after the taking; in other words, as the condemnor contended, to determine the value of the part taken, "you determine the value of the whole, then you determine the value of the part taken, and then you determine if there was any damage to the remainder."

2. Appellee contends the condemnee waived objections to this testimony. The record shows that appellant withdrew his objection to the first witness' testimony to let the witness answer the question, but he moved to strike the second witness' testimony to the same effect and was overruled; he moved to strike the third witness' testimony to the same effect although the trial court did not rule on the motion. In *Mable v. State,* 261 Ga. 379, 381 (405 SE2d 48), the Supreme Court held: "There is a distinction between 'illegal' evidence and 'secondary' evidence. 'A motion to rule out testimony *illegally* admitted even without objection is never too late until the cause is finally submitted to the jury.' *Blount v. Beall,* [95 Ga. 182, 189 (22 SE 52)]. (Emphasis supplied.)" In *Mable,* the challenged testimony was error of constitutional dimension. "Accordingly, the defendant was entitled either to object to it contemporaneously or to move to strike it at any time before the case was submitted to the jury." Id. See also *Patton v. Bank of LaFayette,* 124 Ga. 965, 974 (53 SE 664), cited by the Supreme Court in *Mable,* and see other cases cited in the dissent in *Mable v. State,* 197 Ga. App. 751, 753-754 (399 SE2d 509).

In *Mable*, the motion to strike was made as to the same witness' testimony which was earlier not objected to. In this case, the motion to strike was made as to a different witness. But we see no material difference in *Mable* and this case, for the error was of constitutional proportions.

In this case, as held in Division 3, infra, evidence that the value of the property taken is determined by calculating the difference between the value of the whole and the value of the remainder after the taking, is illegal error of constitutional dimension, since it results in a taking without just and adequate compensation for the *property taken*. Appellant moved to strike this evidence; the fact that he had withdrawn his objection when it was first offered did not change its character as illegal evidence. It was error of "constitutional dimension" and could be objected to at any time before the case was given to the jury. *Mable*, 261 Ga. at 381. Appellant's withdrawal of his objection to this illegal evidence so as to let the witness answer is not a "waiver" (see *London v. Bank of the South*, 170 Ga. App. 44, 48 (315 SE2d 924)) such as could render the evidence legal. Appellee condemnor cites no authority on appeal for its contention that appellant waived his objections to this evidence, so we will not find a waiver in the face of the Supreme Court's *Mable* decision.

3. Appellee contends the principle and the evidence objected to — that the value of property taken is determined by calculating the value of the entire tract before the taking and its value after the taking — was upheld in *Dept. of Transp. v. Gunnels*, 255 Ga. 495 (340 SE2d 12), and that Justice Weltner's special concurrence in that case properly states that the trier of fact "must determine the value of the condemnee's interest before the taking; and it must determine the value of such interest, if any, as shall remain after the taking." Id. at 499.

Appellee/condemnor is incorrect in saying the Supreme Court in *Gunnels* upheld the charge that the value of the part taken is determined by calculating the value of the whole before the taking, less its value (i.e., the remainder's value) after the taking. The condemnor complained in *Gunnels* that a jury charge to this effect allowed a double recovery on consequential damages to the remainder. When the case was before us, we were bound by *Elliott v. Fulton County*, 220 Ga. 377, 381 (139 SE2d 312) to approve a charge that the measure of damages for the *value of the part taken* (not consequential damages to the remainder) was the difference between the market value "of the whole lot" just before the taking and the market value "of the whole lot" immediately after the taking. *Dept. of Transp. v. Gunnels*, 175 Ga. App. 632, 633 (334 SE2d 197). On certiorari, the Supreme Court overruled its decision in *Elliott v. Fulton County*, supra, thus reversing our decision in *Dept. of Transp. v. Gunnels*, supra at 175

Ga. App. 632. The Supreme Court agreed with the views expressed by then-Judge Carley in his special concurrence in our decision, viz., that " '[i]f the market value of the "whole lot immediately after the taking" is deemed to be the market value of the remainder immediately after the taking . . . the [result would be] a figure which already represents the diminution in the market value of *the remainder*.' " *Dept. of Transp. v. Gunnels*, supra, 255 Ga. at 496.

The concept propounded by the condemnor's witnesses is related to the calculation of consequential damages. It is not a proper standard for calculation of the value of the property taken. In *Bland v. Bulloch County*, 205 Ga. App. 317, 318 (422 SE2d 223), cert. denied, the trial court charged: " 'In order to determine [the value of the part taken you should determine] the fair market value of the entire tract of property [the condemnee] owned before any of it was taken, and then you should . . . determine the fair market value of what was taken . . . considering that part that was taken as part of the whole.' " A majority of this court said the jury could understand "that the relationship between the part taken and the whole from which it was taken must be the basis upon which the fair market value of the part taken was calculated." Id. We held this was wrong because the charge restricted the jury to a pro rata valuation of the property taken which is "not necessarily proper because the value of the part taken is not dependent on the size of the whole. If, for example, the 15-acre strip was taken from 105 acres (1/7 of the whole) rather than from 75 acres (1/5 of the whole), the pro rata method could result in a lower value simply because of the size of the whole. . . . In addition, the pro rata method does not accommodate variations in the value of different parts of a tract. . . . The pro rata method *averages the value of whatever the condemnee happens to own, rather than measuring the value of the taken portion as it is*, with its unique characteristics and particular setting. . . . The *value* of the part taken is not automatically measured by the *size* of the parcel from which it is taken, although the value of the part taken may be derived in part by the *nature* of the land around it because the setting affects the highest and best use of the taken property." (First emphasis supplied.) Id. at 319.

The dissent in *Bland* contended the charge did not calculate the value of the part taken by determining the value of the condemnee's property before and after the taking; the dissent contended the charge resembled that in *Rucker v. Dept. of Transp.*, 188 Ga. App. 283 (372 SE2d 839), that the value of land taken is not necessarily the same for a small lot as for a small strip from a larger tract. Id. at 284. This statement is obviously true, but is a very different thing from determining the value of land taken *by determining the remainder of the condemnee's contiguous property without it*.

A valuation which determines the value of a tract taken by determining the value of the remainder of the condemnee's contiguous property after the taking may lead to a double recovery on consequential damages or, as may have happened in this case, to a finding *that the diminution in value to the remainder is the value of the part taken* (*Dept. of Transp. v. Gunnels*, supra, 255 Ga. at 496), with the jury not awarding any consequential damages because it wisely realizes that it has, in valuing the property taken, already awarded "consequential damages." Whether this idea is expressed as a "pro rata valuation" (*Bland*, supra), or as an assessment of "the whole lot after taking" (see *Dept. of Transp. v. Gunnels*, supra at 175 Ga. App. at 633, rev'd at 255 Ga. 495, 496, supra), it is not a determination of the value of *the part taken* but instead " 'represents the diminution in the market value of *the remainder*.' " *Dept. of Transp. v. Gunnels*, supra, 255 Ga. at 496.

The condemnor's experts testified that the value of the 100 acres taken was the difference between the value of 1,000 acres and the remainder's value after the 100 acres were taken. This testimony established the value of the part taken by assessing "the diminution in the market value of the remainder." (Emphasis deleted.) Id. This valuation is nothing more than repeal of the law of just and adequate compensation for property taken, so that the condemnor of a small strip of land attached to a larger strip would pay only consequential damages, i.e., the diminution in value of the remainder.

The trial court erred in failing to strike the testimony of the expert witnesses in this vein wherever appellant objected to it. This valuation of "the property taken" is illegal, and appellant did not waive his objections to this illegal and unconstitutional evidence by allowing one expert to state his answer to the question. This evidence was prejudicial because it deprived the condemnee of just and adequate compensation for *the value of the property taken* at the time of the taking. As the jury's award was consistent with the valuation given by these witnesses and inconsistent with other evidence in the case, it cannot be said that the error was harmless. The trial court erred in denying appellant's motion for new trial.

4. Appellant contends the trial court erred in overruling his objections to testimony of the condemnor's witnesses about the benefit to the remainder of the condemnee's property from an unrelated future sewer project. This evidence was incompetent to prove the value of the part taken at the time of taking, or the consequential damages to the remainder at the time of the taking, because it attempts to show that the value of the remainder would increase in the future for reasons not directly related to the taking of the 100 acres. In view of the remand for new trial in Division 1, however, we need not determine whether this error was created by appellant's introduction of

such evidence himself, or whether this or any other error in the case was harmful to this verdict.

*Judgment reversed. Cooper and Blackburn, JJ., concur.*

### On Motion for Reconsideration.

Condemnor insists its witnesses appraised "fair market value of the property taken." Condemnor thus insists that we approve an illegal, nonprobative method of appraisal.

Condemnor's witness Reese did not value the 100 acres taken as a separate economic unit because "I'm supposed to estimate the value of the property actually taken as a part of the whole." He said: "Under the Georgia law we . . . consider the value of the property before the [taking] and the value of the property remainder immediately after the [taking]." He valued condemnee's 1,000 acres at $2,145,000: 725 acres back land at $2,000 per acre; 280 acres frontage land at $2,500 per acre. He valued the land taken at $250,000, or $2,500 per acre.

Condemnor's witness Krause valued the 100 acres at $275,000. He "allocated 250 acres of the Columbia Road frontage at $2,750 per acre [and] allocated $2,000 per acre for the [750 acres] rear property . . . for a [total of] $2,191,500. . . . You need to value the property as a whole, and then . . . value the remainder after the [taking]."

The valuations here are worse than those disapproved in *Dept. of Transp. v. Gunnels*, 255 Ga. 495 (340 SE2d 12) and *Bland v. Bulloch County*, 205 Ga. App. 317 (422 SE2d 223), as they are merely a means to *twice* siphon off the fair market value of land taken. Each witness valued the 100 acres of frontage land at the same per-acre value as condemnee's 250 or 280 acres of frontage property, but first they valued the 720 or 750 acres of "back land" not taken, which negatively affected the value of the frontage. The loss of a small part, however valuable on the fair market, may diminish the value of a large remainder very little or not at all.

A valuation of land taken according to the value of land *not taken* would be patently ridiculous if the "land not taken" were owned by someone other than the condemnee. It is no less absurd when "land not taken" is owned by the condemnee. A reduction in value of a condemnee's adjacent land after the taking has nothing to do with the value of the "property taken" at the time of taking. It particularly has nothing to do with actual *"fair market"* value of the land taken, for this 100 acres *would not be sold by the seller or bought by a buyer on a fair market according to value of the seller's "whole lot" before the sale less the value of his remaining land after the sale.*

Some cases, notably *Elliott v. Fulton County*, 220 Ga. 377 (139

SE2d 312) (overruled by *Gunnels*), thought this was just another method of arriving at the value of property taken. See *State Hwy. Dept. v. Thompson*, 112 Ga. App. 488, 490 (145 SE2d 784). But early on, we saw it as wrong. See *Ga. Power Co. v. Pharr*, 97 Ga. App. 223, 225 (102 SE2d 658), overruled by *Elliott*. Long before *Gunnels* and *Bland*, we said such evidence is *"illegal testimony"* (*Ga. Power Co. v. Sinclair*, 122 Ga. App. 305 (176 SE2d 639)); and has *"no probative value"* as to the value of land taken. *State Hwy. Dept. v. Mann*, 110 Ga. App. 390, 392 (138 SE2d 610). In *State Hwy. Dept. v. Weldon*, 107 Ga. App. 98 (129 SE2d 396), we said there was *no evidence* to support the award because the condemnee's witness valued the property taken by this method.

*Gunnels* and *Bland* should have put an end to the campaign to get approval of this method to siphon off fair market value of land taken. Henceforth it shall not be used to prove value or fair market value of *property taken*. The harm of this illegal, nonprobative, unconstitutional method of valuation will be such as to demand reversal despite other evidence in the case.

The prejudicial error caused by this evidence could not be, and was not, repaired by the trial court's charge.

*Motion for reconsideration denied.*

DECIDED APRIL 19, 1994 —
RECONSIDERATION DENIED JULY 13, 1994 —

*Burnside, Wall, Daniel, Ellison & Revell, Thomas R. Burnside, Jr.*, for appellant.

*Powell & Chapin, Richard L. Powell*, for appellee.