## A01A0737. ARMANDROFF v. CUSHING.
(550 SE2d 674)

PHIPPS, Judge.

Judy Armandroff filed a negligence claim against Deborah Cushing for damages allegedly arising from a three-car collision. Following a trial, the jury returned a verdict in Cushing's favor. Armandroff appeals, contending that the court erred by giving a jury charge regarding a skidding automobile. Because we find that this charge, considered in light of the charge as a whole, was not error, we affirm.

On a rainy day in November 1995, Armandroff stopped her car because the one in front of it had stopped to turn left at the intersection ahead. Cheryl Linden[1] was driving a sport utility vehicle (SUV) behind Armandroff, and Cushing was driving a Mazda 626 behind Linden. Although the SUV obstructed Cushing's view of the cars in front of it, Cushing could see that the traffic light at the intersection was red and was slowing her car. According to Cushing, the SUV "slammed on its brakes, at which point [she] heard a collision." The SUV had rear-ended Armandroff's car. When Cushing applied her brakes, her car skidded and rear-ended the SUV. Armandroff testified that she felt "two almost simultaneous impacts."

At the trial, the court charged the jury,

> It is common knowledge that a skidding automobile is very difficult to accurately control. And mere skidding of a vehicle does not, in and of itself, necessarily constitute negligence. Furthermore, it is common knowledge that an automobile may skid on a slippery highway without negligence on the part of the operator. It is incumbent on the Plaintiff to

---

[1] Armandroff settled her claim against Linden, who is not a party to this case.

show by a preponderance of the evidence that skidding was a result of the negligent operations of the automobile by the Defendant.

1. Armandroff contends the charge was not suited to the evidence. But if there is even slight evidence on a specific issue, it is not error for the court to charge the jury on the law related to that issue.[2] Here, there was evidence that it was raining at the time of the three-car collision, that the SUV ahead of Cushing's vehicle stopped suddenly when it collided with Armandroff's vehicle, and that when Cushing applied her brakes, her car skidded into the SUV despite the fact that she already had begun to slow her car. Thus, there was sufficient evidence to merit the charge because the jury could infer from the evidence that the collision was not a result of negligent driving by Cushing.

Armandroff further argues that no charge on skidding was warranted because Cushing had pled guilty to the traffic offense of following too closely.[3] But such an admission does not conclusively show liability; it is only a circumstance for the jury to consider with all the other evidence in a civil action for damages.[4]

2. Armandroff contends the charge was "argumentative, unbalanced, and material."

The contested charge sets out correct principles of law, closely tracking the language of *Foy v. Edwards*,[5] where this court recognized that mere skidding did not amount to negligence and that it was for the jury to decide whether the defendant's negligence caused an automobile collision.[6] But even though an appellate court's language embodies sound law, it may not be appropriate to use such language in a jury charge.[7] Jury charges should set forth objective legal principles and should not include language used by an appellate court to explain the rationale of a legal principle.[8] However, although the court's statements about what the court perceived to be "common knowledge" regarding the difficulty of controlling skidding automo-

---

[2] *Sanders v. Moore*, 240 Ga. App. 730, 731 (2) (524 SE2d 780) (1999).

[3] OCGA § 40-6-49.

[4] *Leonard v. Dixon*, 246 Ga. App. 83, 84 (1) (538 SE2d 781) (2000).

[5] 118 Ga. App. 665, 666-667 (1) (165 SE2d 176) (1968).

[6] Id. (as the defendant approached a curve she slowed her car, but when her car hit wet and slippery asphalt topping through which tar was bleeding, her car skidded into the plaintiff's car); see also *Southern Bell Tel. &c. Co. v. Franklin*, 196 Ga. App. 474, 475 (1) (396 SE2d 514) (1990) (the evidence did not demand a verdict for plaintiff where defendant was attentive and had adjusted driving to rainy conditions, even though an investigator of the collision opined that defendant was driving too fast and hydroplaned into an intersection).

[7] *Macon-Bibb County Hosp. Auth. v. Reece*, 236 Ga. App. 669, 671 (1) (513 SE2d 243) (1999).

[8] *Wadkins v. Smallwood*, 243 Ga. App. 134, 141 (5) (h) (530 SE2d 498) (2000).

biles on slippery highways may have been unnecessary, we view the court's charge as a whole.[9] Here, the charge on skidding was part of an extensive charge regarding the circumstances to consider.[10] And immediately after giving the contested charge, the court instructed, "You may take into consideration all the facts and circumstances of the evidence as you decide it to be in deciding this issue." After reviewing the court's charge, we find that, as a whole, it was not argumentative or unbalanced, but covered fairly all issues. It was not error.[11]

*Judgment affirmed. Smith, P. J., concurs. Barnes, J., concurs in judgment only.*

DECIDED JUNE 15, 2001.

*Jeffrey S. Gilbert*, for appellant.
*Larry E. Stewart*, for appellee.

---

[9] *J. B. Hunt Transport v. Brown*, 236 Ga. App. 634, 636 (2) (512 SE2d 34) (1999).

[10] See *Flanigan v. Reville*, 107 Ga. App. 382 (2) (130 SE2d 258) (1963) (in negligence action, all circumstances and conditions at the time and place of an automobile accident, including the conduct of other drivers, must be taken into account).

[11] See *Jackson v. Lynch*, 203 Ga. App. 244, 245-246 (1) (416 SE2d 564) (1992); see also *J. B. Hunt Transport*, supra, 236 Ga. App. at 636-637 ("If, taken as a whole, the charge of the court covers the issues presented fairly and accurately, no error will be presumed from minute inspection of individual words or phrases.") (citation omitted).