## 59171. DEPARTMENT OF TRANSPORTATION v. ARNOLD et al.

SMITH, Judge.

This appeal arises from a condemnation proceeding in which the jury returned a verdict of $39,088.50 as fair and just compensation for appellant's taking of 7.107 acres of land owned by appellees. Appellant contends that the trial court erred in overruling its motion for judgment notwithstanding the verdict. We affirm.

At trial, appellees sought to prove that appellant's valuation of the condemned acreage was below its market value and thus would not provide appellees with "just compensation" for the taking of their land. In support of this contention, appellees introduced testimony that the condemned land is generally considered a part of both the 25-acre tract in which it is situated and a 69-acre parcel of land comprised of the 25-acre tract and a contiguous 44-acre tract; that the 44-acre tract is owned by two of the three owners of the 25-acre tract; that the three owners of the 25-acre tract are business partners; and that the three men have treated the two tracts as a single parcel of land. Appellees offered this evidence for the purpose of establishing that the per-acre value of the 69-acre parcel is higher than the per-acre value of the 25-acre tract, and that appellant had underestimated the value of the condemned acreage by failing to consider it part of the larger parcel. The jury award was substantially in excess of the figure previously set by appellant.

In its sole enumeration of error, appellant asserts that "[t]he trial court erred in denying appellant's judgment notwithstanding the verdict both at trial and pursuant to timely motion made subsequent to trial, in that the opinion evidence [introduced] by the condemnee on the trial of the case was not proper evidence for consideration by a jury and was void of probative value." We cannot agree.

The courts of this state have traditionally granted condemnees of land considerable leeway in presenting evidence bearing upon the market value of their condemned land. "Anything that actually enhances the value [of the land] must be considered in order to meet the demands of the Constitution that the owner be paid before the taking, adequate and just compensation." *Hard v. Housing Authority of Atlanta*, 219 Ga. 74, 80 (132 SE2d 25) (1963).

Appellees introduced uncontroverted evidence which clearly established unity of use and substantial, though not perfect, unity of ownership with respect to the 25 and 44-acre tracts. Thus, appellees demonstrated that the condemned property was an integral part of the 69-acre parcel. We therefore conclude that appellees laid a foundation for the introduction of opinion evidence concerning the estimated per-acre value of the entire 69-acre parcel. The jury was authorized to consider this estimated per-acre value in determining "just compensation" for the taking of appellee's land.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JANUARY 16, 1980 — DECIDED MAY 2, 1980.

*H. Patterson Garner,* for appellant.
*W. Howard Fowler, J. L. Edmondson,* for appellees.