### 41564. JACKSON v. JACKSON.
(322 SE2d 725)

MARSHALL, Presiding Justice.

Pending the appellee-wife's divorce action against the appellant-husband, a judgment for temporary support was entered. Pursuant to the appellant's motion and the court's order, both parties and the appellee's minor child, as intervenor, submitted themselves to a human leukocyte antigen (HLA) typing test for paternity determination. OCGA § 19-7-45. The report on the test concluded that the alleged father cannot be the biological father of the child. Subsequently, the court entered an order ruling that the appellant was not required to pay temporary child support based upon the HLA test; that a second HLA test, requested by the appellee, was not required; that the intervenor be added as a party; and that a guardian ad litem be named for the intervenor minor child. At the subsequent jury trial of the case, there was a verdict and judgment, which adjudicated, inter alia, that the intervenor is the biological child and issue of the two parties. From this judgment, the husband appeals.

1. The appellant urges that the HLA test is so accurate that, when a properly performed test is properly admitted, such evidence should be conclusive on the question of exclusion of paternity.

OCGA § 19-7-49 (c) provides: "Where the issue of parentage is to be decided by a jury, where the results of blood tests and comparisons are not shown to be inconsistent with the results of any other blood tests and comparisons, and where the results of those blood tests and comparisons indicate that the alleged parent cannot be the natural parent of the child, the jury shall be instructed that, *if they believe that the witness presenting the results testified truthfully as to those results and if they believe that the tests and comparisons were conducted properly,* it will be their duty to decide that the alleged parent is not the natural parent." (Emphasis supplied.) The jury was properly charged on this Code section; therefore, it is obvious that the jury did not choose to believe that the witness presenting the results testified truthfully and/or that the tests and comparisons were conducted properly. "[T]hough the jury is allowed to receive the testimony of experts the jury is not bound by such testimony; such testimony is not conclusive or controlling and is submitted for whatever the jury considers it to be worth. The jury can consider such expert opinion testimony by reference to their own experience and may discard the opinion of experts entirely." *Woods v. Andersen,* 145 Ga. App. 492, 494 (4) (243 SE2d 748) (1978).

The sole expert witness here utilized the business records of

other parties and the test results to arrive at his opinion as to the paternity determination. He had no idea how the tests were conducted, how the blood was drawn, whose blood was drawn, how it got to the laboratory, what was done with the blood, whether it was tested correctly or incorrectly, or whether it was even the same blood involved. There was no testimony that the HLA test, even properly conducted, is absolutely accurate. In addition to evidence authorized by the relevant provisions of OCGA § 19-7-46 (excluding subsection (b)), there was testimony as to the resemblance of the child to other family members on the appellant's side of the family, and the jury was permitted to compare the child with the appellant's sister on the witness stand to observe such family resemblance. It was not error to submit the issue of parentage to the jury, and we cannot say that there was not sufficient evidence to support the verdict.

2. The trial court did not err in excluding from evidence a one-sentence letter written by the intervenor-child to the appellant after the complaint had been filed, the parties were separated, and the intervenor was living with her mother. The letter stated that she had seen her mother and another man in the bedroom many times, and that her mother had said that she would whip the child if the child told the appellant about this. The letter, which the child purportedly wrote with her father's assistance, was irrelevant as to the paternity of the appellant, since it was written 10 years after the child's conception. Furthermore, the child was permitted to examine the note during her examination on the witness stand, and she testified as to her own thoughts in this regard.

3. The appellant enumerates as error the trial court's requiring him to answer questions as to a prior hearing, after which the court had denied the appellee's motion for an additional HLA test. Contrary to the appellant's contentions, he was not required to divulge privileged communications. The cross-examination of the appellant was directed toward the inconsistent statements of the appellant, who had stated that he would take another HLA test, yet his counsel had opposed the appellee's motion to take another test. Similarly, there was no evidence in the record of any offer of compromise or any communications in that regard; there was merely cross-examination testimony as to an effort by the appellee to impeach the appellant.

4. The trial court did not err in admitting in evidence a copy of a certificate of live birth of the parties' minor child, showing the parties as the child's parents. Although the certificate was not certified, both parties agreed that it was a true and correct copy, and the appellant admitted that the signature thereon was his.

5. The appellant contends that the trial court erred in sustaining the appellee's objection to a question as to whether the expert witness could testify that the appellant could be the father of the child and

that the test results were clear and convincing. The appellant has failed to indicate the location of this dialogue in the transcript, and we are unable to find it, hence to rule on it.

6. The court charged as follows: "I charge you that all children born in wedlock are presumed to be legitimate and where the possibility of access between the husband and wife exists, there is a strong presumption in favor of the legitimacy of the child. This presumption of legitimacy is one of the strongest and most persuasive known to our law, and to overcome it, proof should be clear to establish the contrary where the possibility of access between husband and wife exists. The law further provides that once sexual intercourse between husband and wife is proved, nothing short of impossibility will rebut the presumption of legitimacy of the child born to the wife." This charge is now objected to as an expression of the trial court that the intervenor was in fact the child of the appellant, and as increasing the burden of proof of the appellant from a preponderance of the evidence to beyond a reasonable doubt. The charge, however, is substantially the same as OCGA § 19-7-20, which the appellant requested to be charged, and the case of *Herrin v. Herrin*, 242 Ga. 256 (248 SE2d 651) (1978). Moreover, the appellant failed to object to the charge as given.

7. Finally, it is contended that the award of attorney fees as alimony to the appellee was an abuse of discretion in light of the appellee's alleged adulterous conduct. Attorney fees are awarded in divorce cases to ensure either spouse's proper legal representation by a competent attorney. *Brady v. Brady*, 228 Ga. 617 (1) (187 SE2d 258) (1972). "A party shall not be entitled to alimony if it is established by a preponderance of the evidence that the separation between the parties was caused by that party's adultery or desertion . . . In determining whether or not to grant alimony, the court shall consider evidence of the conduct of each party toward the other." OCGA § 19-6-1 (b, c). The preponderance of the evidence did not establish that the separation between the parties was caused by the appellee's adultery or desertion. The only evidence in this regard was the testimony of the intervenor based on the letter which she had written to the appellant, which letter was excluded from evidence. The jury could have found that the letter had been written with the appellant's assistance, and thus have discredited it as evidence of the appellee's adultery.

*Judgment affirmed. All the Justices concur, except Smith and Weltner, JJ., not participating.*

DECIDED NOVEMBER 27, 1984.

*Kingloff, Travis &. Wilson, William K. Travis, Bruce A. Wilson,*

for appellant.
    *Gerald W. Fudge, Winston H. Morris,* for appellee.