A89A1812. WILLIAMSON v. WARD.
(386 SE2d 727)

BANKE, Presiding Judge.

The appellee, Janice Ward, brought this action against the appellant, Bronnie Williamson, seeking a determination pursuant to OCGA § 19-7-40 et seq. that the appellant is the natural father of her minor child. This appeal follows a jury verdict declaring Williamson to be the child's father.

The child was born on January 24, 1983, thus placing the date of conception around late April of 1982. The appellee testified that from January of 1982 until the time of trial, the appellant was the only person with whom she had had sexual relations. She further testified that the appellant had provided her with some financial support during her pregnancy and that, although he had refused to sign the child's birth certificate, he had verbally acknowledged to her that he was the father. The appellant's sister, similarly testified that the appellant had admitted paternity. Moreover, both she and the appellant's brother, along with the appellee, testified that the child bore a physical resemblance to the appellant; and the child was present in the courtroom for the jurors to draw their own conclusions in this regard. Although the appellant denied being the child's father, he conceded that he had had sexual relations with the appellee around the date of conception and that no methods of contraception had been utilized.

Prior to the initiation of the present action, the Child Support

Recovery Unit of the Georgia Department of Human Resources filed a petition against the appellant seeking to recover approximately $5,000 in public assistance benefits which had ben paid to the appellee for the maintenance of the child. During the pendency of this earlier action, the appellant, the appellee, and the minor child all had submitted to human leucocyte antigen (HLA) testing; and the results of these tests had indicated that the appellant could not have been the child's father. Based upon those test results, the state voluntarily dismissed the child support recovery action without prejudice. The blood test results, along with certain deposition testimony obtained in that action, were introduced as evidence during the trial of the present case; however, it was shown that the appellant had refused to be photographed or to present identification when having his blood drawn for the HLA test, resulting in a notation by the technician that "chain of custody [was] disputed." *Held*:

1. The appellant contends that the verdict is strongly against the weight of the evidence. "The contention that the judgment is strongly and decidedly against the weight of the evidence addresses itself to the trial judge only." *Hembree v. Ideal Bldrs.*, 158 Ga. App. 574 (281 SE2d 328) (1981). The proper vehicle for asserting such a challenge is a motion for new trial, and no such motion was filed in this case. See *Bell Bros. v. Aiken*, 1 Ga. App. 36 (2) (57 SE 1001) (1907).

Construing this enumeration of error as a contention that there was no evidence to support the verdict, we conclude that it is without merit. The appellant argues that the results of a properly performed HLA test should be deemed conclusive where such results exclude the possibility of paternity. While recognizing that an identical contention was rejected by the Georgia Supreme Court in *Jackson v. Jackson*, 253 Ga. 576 (322 SE2d 725) (1984), accord *Atkinson v. Ledbetter*, 183 Ga. App. 739 (360 SE2d 66) (1987), the appellant argues that we should not follow that ruling but should rely on contrary decisions from several other states. This, of course, we are not at liberty to do, inasmuch as we are constitutionally bound by the decisions of our own Supreme Court. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI. Moreover, there is at least some indication in the present case that the blood test may have been improperly performed.

OCGA § 19-7-49 (C) specifies that "[w]here the issue of parentage is to be decided by a jury, where the results of blood tests and comparisons are not shown to be inconsistent with the results of any other blood tests and comparisons, and where the results of those blood tests and comparisons indicate that the alleged parent cannot be the natural parent of the child, the jury shall be instructed that, if they believe that the witness presenting the results testified truthfully as to those results and if they believe that the tests and comparisons were conducted properly, it will be their duty to decide that the al-

leged parent is not the natural parent." The jury in the present case was so instructed, and because there was at least some basis upon which the jurors could have discounted the results of the prior HLA testing as being unreliable, we hold that they were authorized to reject those test results and to rely instead on the other evidence tending to show that the appellant was the child's father.

2. The appellee filed a pretrial motion in limine challenging the admissibility of certain photographs of her two older children, contending that, because the appellant was indisputably not the father of these children, their appearance was irrelevant and that, because they exhibited interracial characteristics, introduction of the photos could serve to prejudice the jury against her. The trial court initially denied the motion and allowed the photographs to be admitted into evidence for the purpose of comparing the facial characteristics of the older children with those of the child whose paternity was at issue; however, the court thereafter reversed itself and, over objection by the appellant, withdrew the photographs from the jury's consideration based on a determination that their relevancy was outweighed by their potential for prejudice. The court then explained its ruling to the jury and instructed them that they were to disregard the photographs and any testimony concerning them. "If the [appellant] was dissatisfied with the court's instructions, it was incumbent upon him to request further instructions, renew his objection, or request a mistrial. [Cits.]" *Waddill v. Waddill*, 143 Ga. App. 806, 808 (240 SE2d 129) (1977). As the appellant followed none of these options, this enumeration of error presents nothing for review.

3. The appellant contends that the dismissal of the prior child support recovery action barred further litigation of the issue of paternity pursuant to the doctrine of res judicata. "[I]n order for the doctrine [of res judicata] to apply there must be an identity of the parties, identity of the cause of action, and an adjudication by a court of competent jurisdiction. [Cit.]" *Dixie Home Bldrs. v. Waldrip*, 146 Ga. App. 464, 465 (246 SE2d 471) (1978). See OCGA § 9-2-44. Assuming arguendo that the first two elements of this test were satisfied, the third clearly was not, inasmuch as the child support action was dismissed without prejudice. Accordingly, this enumeration of error is without merit.

4. The appellee has requested this court to impose a penalty against the appellant pursuant to OCGA § 5-6-6 and Court of Appeals Rule 26 (b) for filing a frivolous appeal. Damages under OCGA § 5-6-6 are not authorized because the judgment is not for a sum certain. See *Shepherd v. Epps*, 242 Ga. 322 (2) (249 SE2d 33) (1978). The request for imposition of a penalty under Rule 26 (b) is denied because we do not consider all of the issues raised by the appeal to have been frivolous.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 20, 1989.

*Jeffrey R. Sliz*, for appellant.

*Wendy J. Glasbrenner, Patricia D. Barron, Vicky O. Kimbrell, Phyllis J. Holmen, John L. Cromartie, Jr.*, for appellee.