A94A1852. OGLETHORPE POWER CORPORATION v. LEWIS et al.
(452 SE2d 167)

RUFFIN, Judge.

Oglethorpe Power Corporation ("Oglethorpe") condemned an easement on 3.1 acres of land owned by B. R. Lewis pursuant to its power of eminent domain. At trial, over Oglethorpe's objection, the court allowed Lewis's valuation expert to testify the highest and best use of the property was for assemblage with two other parcels belonging to different owners. The expert based his appraisal of Lewis's damages on a potential assemblage as a golf course and acknowledged

this was the only use he considered. The jury returned a verdict in favor of Lewis, and Oglethorpe appeals from the judgment entered upon the verdict.

1. Oglethorpe asserts the trial court erred in admitting the testimony concerning assemblage because it was too remote and speculative as a matter of law. We agree.

In *Dept. of Transp. v. Arnold*, 154 Ga. App. 502 (268 SE2d 775) (1980), this court considered whether a parcel of land, other than that on which the condemned tract is situated, may be considered a part of the condemned tract in determining the value of the condemned tract. In *Arnold*, the Department of Transportation condemned a portion of a 25-acre tract of land owned by Arnold. Arnold introduced testimony that the condemned land is generally considered a part of both the 25-acre tract in which it is situated, and a contiguous 44-acre tract. The 25-acre tract was owned by three business partners, two of whom also owned the 44-acre tract. There was evidence all three partners treated the two tracts as a single 69-acre parcel of land and that the value of the condemned property should be based on the per acre value of the overall 69-acre parcel. The Department of Transportation objected to the evidence as improper and lacking probative value. While this court found the evidence proper, we did so because Arnold laid a foundation for the evidence, showing "unity of use and substantial, though not perfect, unity of ownership with respect to the [two tracts]." Id. at 503.

" '(T)he fact that the property is merely adaptable to [an assemblage] is not in itself a sufficient showing in law to consider such different use as a basis for compensation. It must be shown that such use of the property is so reasonably probable as to have an effect on the *present value* of the land. (Cit.)' . . . [Cit.]" *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304 (425 SE2d 380) (1992). In other jurisdictions "it is well settled that unity of ownership [and either contiguity or adaptability for integrated use] must exist for there to be 'assemblage value. . . .' " Annotation, Gulbis, Assemblage or Plottage as Factor Affecting Value in Eminent Domain Proceedings, 8 ALR4th 1202, 1205. See also 29A CJS, Eminent Domain, § 128. The purpose of the unity requirements in *Arnold*, and other jurisdictions, is to establish that an integrated use of the various parcels is "reasonably probable." Without at least substantial unity of ownership and some indication of unity of use, the proposed assemblage is entirely speculative. Accordingly, we hold that before Lewis would have been entitled to present evidence of assemblage, he was required to show at least substantial unity of ownership and either contiguity or adaptability of the parcels for an integrated use.

While Lewis did present evidence the other parcels, in combination with the condemned tract, would be adaptable as a golf course,

the record shows there was no unity of ownership because the two other parcels were owned by someone other than Lewis. Accordingly, "[w]e conclude that the trial court erred in admitting the challenged testimony, and a new trial is required." *Colonial Pipeline*, 206 Ga. App. at 305.

2. Since we determined in Division 1 that a new trial is required, it is unnecessary to address Oglethorpe's second enumeration of error concerning juror conduct.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 1, 1994 —
RECONSIDERATION DENIED DECEMBER 16, 1994 —

*Roach, Hasty & Geiger, William G. Hasty, Jr., Eugene B. Chambers, Jr., Thomas A. Anderson, Phillips & Reid, Charles T. Autry,* for appellant.

*Bray & Johnson, H. Michael Bray,* for appellees.