A96A0106. CHASTAIN et al. v. FAYETTE COUNTY.
(470 SE2d 513)

ANDREWS, Judge.

Pursuant to special master proceedings (OCGA § 22-2-100 et

seq.), Fayette County filed a petition to condemn a portion of a 27-acre tract owned by Chastain and others for the purpose of creating a water reservoir for the county. The special master awarded the condemnees $54,741 as the value of the land taken and $6,250 as consequential damages to the remainder. The condemnees appealed to the superior court from the amount of the special master's award. While the appeal was pending, the condemnees obtained a court order allowing them to withdraw the entire $60,991 award which had been paid by the county into the registry of the court. Subsequently, the case was tried before a jury which returned a verdict finding the value of the land taken to be $51,000 with no consequential damage to the remainder. The superior court entered a judgment providing that the county was entitled to recover the $9,991 difference between the special master's award and the jury verdict.

The condemnees appeal claiming the trial court: (1) erroneously refused to strike testimony from the county's expert appraiser calculating the value of the land taken on the basis of the per acre value of the whole tract, and (2) erred by entering a judgment in favor of the county for the difference between the special master's award prepaid to the condemnees and the smaller jury verdict.

1. In calculating the value of the smaller tract taken from the larger whole, the county's expert appraiser determined that the whole tract was worth $7,000 per acre and then used $7,000 per acre as the basis for calculating the value of the land taken. Calculating the value of the land taken as a pro rata amount of the whole from which it is taken is not necessarily erroneous. An appraiser may be able to show a basis for determining that the value per acre of the portion taken from the whole is equal to, more than, or less than the value per acre of the whole tract. However, as we noted in *Bland v. Bulloch County*, 205 Ga. App. 317, 320 (422 SE2d 223) (1992), "[i]n assessing the value of the land taken as part of the entire tract, it is not proper merely to compute the percentage value on the basis of an artificial unit value for the entire tract, unless the actualities of the case accord with such an approach." (Citations and punctuation omitted.)

Accordingly, an expert opinion valuing the land taken as a pro-rated amount of the value of the whole tract must be based on evidence supporting this conclusion. "Although an expert value witness may state his opinion of value without giving reasons therefor, where he does give reasons and those reasons appear to be wholly speculative or conjectural, his opinion is without foundation and without probative value." *Merritt v. Dept. of Transp.*, 147 Ga. App. 316, 320 (248 SE2d 689) (1978), rev'd on other grounds, 243 Ga. 52 (252 SE2d 508) (1979). An expert opinion valuing the part taken by applying the average per acre value of the entire tract has given a reason for the

value opinion that is entirely speculative or conjectural in the absence of an evidentiary foundation for such a conclusion. See *Bland*, supra at 320; compare *Dept. of Transp. v. Arnold*, 154 Ga. App. 502, 503 (268 SE2d 775) (1980).

We find a lack of any evidentiary foundation to support the opinion of the county's expert in this case. Although the condemnees did not object to the expert's testimony until moving to strike it after cross-examination, the pro rata basis of the valuation was not clearly apparent or acknowledged by the expert until he was cross-examined. Accordingly, the motion to strike the testimony after cross-examination was timely and sufficient to preserve the issue for appellate review. The trial court's refusal to strike the testimony was harmful error under the circumstances of this case and requires a new trial.

2. Because the issue could arise again after a retrial, we address the condemnees' claim that they were entitled to retain the entire amount of the prepaid special master's award despite the jury verdict and judgment thereon for a smaller amount.

An appeal by either party from the award of the special master pursuant to OCGA § 22-2-112 is a de novo proceeding as to the issue of value which begins again the process of adjudication without regard to the amount awarded by the special master. *Wrege v. Cobb County*, 186 Ga. App. 512, 514-515 (367 SE2d 817) (1988); OCGA § 22-2-110 (d). After an appeal, the judgment on the jury verdict supplants the special master's award. Accordingly, if the case is tried again and the jury again reaches a verdict smaller than the prepaid special master's award, the county would be entitled to a judgment against the condemnees for the difference. *Smith v. Ga. Power Co.*, 131 Ga. App. 380, 383 (205 SE2d 916) (1974); see 3 Nichols' The Law of Eminent Domain § 8.10 [4] (rev. 3rd ed. 1994).

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 5, 1996 — 

*Glaze, Glaze & Fincher, Steven M. Fincher, William A. Grabbe*, for appellants.

*McNally, Fox & Cameron, Philip P. Grant*, for appellee.