A03A1198. LOGGINS et al. v. DEPARTMENT OF
TRANSPORTATION.
(591 SE2d 365)

MIKELL, Judge.

The Georgia Department of Transportation ("DOT") instituted this condemnation action in December 1999 to acquire 11.805 acres of a 69.4-acre tract owned by Carlene Porter Loggins and Mrs. Carl Porter for the construction of a controlled access highway known as the Jefferson bypass. Upon filing the declaration of taking, the DOT deposited $86,075 into the court registry as compensation to be paid for the property. Dissatisfied with this sum, the condemnees appealed the issue of valuation to Jackson County Superior Court, and a jury returned a verdict of $118,050. On appeal to this Court, the condemnees argue that the trial court erred in denying their motion in limine to prohibit the DOT from offering expert testimony valuing the property on a pro rata basis. We disagree and affirm.

At trial, the DOT's expert appraiser testified that although the property was zoned R-3 for multi-family development, no market existed in Jefferson for such housing, so that the highest and best use

for the property was either single-family residential or investment. In determining value, the appraiser testified that he examined over fifty sales, identifying four as the best indicators of the value of the condemnees' property. The 97.82-acre parcel that adjoined the condemnees' property and also was zoned R-3 sold for $5,620 per acre in April 1998. A nearby 62-acre tract sold in April 2000 for $6,455 per acre. The third property, a 63-acre tract, sold in 2001 for $8,000 per acre, and the fourth, a 200-acre tract, sold for $9,750 per acre in April 2000. After taking these sales into account, the appraiser valued the entire 69.4-acre tract at $7,500 per acre, or $520,500.

To determine the value of the condemned 11.805 acres, the DOT's appraiser testified that he considered the property both as a separate economic unit and as part of the whole tract; that the property was representative of the tract because it contained road frontage, pasture, wooded area, and part of the creek; and that although a larger tract is usually worth less per acre than a smaller parcel, in this case it was not for reasons related to its highest and best use for residential development. Thus, he calculated the value at $7,500 per acre, or $88,540.

The condemnees' appraiser valued the property at $20,000 per acre, or $236,220. In his opinion, demand existed for multi-family residential development in Jefferson. Next, this appraiser found three comparable land sales: a 15-acre tract that sold for $443,100, or $29,540 per acre, in February 2000; a 2.753-acre tract that sold in 2001 for $63,900, or $23,211 per acre; and a 28.88-acre tract that sold for $350,000, or $13,000 per acre. However, he testified, one-third of the final comparable property was in a flood plain, which adversely affected its value. On cross-examination, this appraiser admitted that none of these comparable sales took place in Jefferson. After hearing the two appraisers' testimony, the jury returned a verdict for $118,050, equaling $10,000 per acre.

On appeal, the condemnees argue, as they did at trial, that the testimony of the DOT's appraiser should have been barred based on *Bland v. Bulloch County*,[1] which holds that just compensation for a portion of a tract cannot be based solely on its relationship to the entire lot, "because the value of the part taken is not dependent on the size of the whole."[2] However, the condemnees ignore a significant exception attached to the holding in *Bland*. "In assessing the value of the land taken as part of the entire tract, it is not proper merely to compute the percentage value on the basis of an artificial unit value for the entire tract, *unless the actualities of the case accord with such*

---

[1] 205 Ga. App. 317 (422 SE2d 223) (1992).
[2] Id. at 319 (2). Accord *Wilmer v. Fulton County School Dist.*, 226 Ga. App. 884, 887 (1) (487 SE2d 709) (1997) (physical precedent only).

*an approach.*[3] This principle was expounded upon in *Chastain v. Fayette County*[4]:

> Calculating the value of the land taken as a pro rata amount of the whole from which it is taken is not necessarily erroneous. An appraiser may be able to show a basis for determining that the value per acre of the portion taken from the whole is equal to, more than, or less than the value per acre of the whole tract. . . . Accordingly, an expert opinion valuing the land taken as a prorated amount of the value of the whole tract must be based on evidence supporting this conclusion.[5]

In this case, the DOT's appraiser provided evidence to support his conclusion that the condemned property was worth the same amount of money per acre as the whole tract.[6] Therefore, the challenged testimony comported with *Chastain* and did not violate the principle enunciated in *Bland*.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 7, 2003 —
RECONSIDERATION DENIED DECEMBER 3, 2003.

*Brennan & Wasden, Christopher D. Elrod, Scott R. Tolbert*, for appellants.

*Thurbert E. Baker, Attorney General, R. O. Lerer, Senior Assistant Attorney General, Ken Stula, Kristopher Shepherd*, for appellee.

---

[3] (Citation, punctuation and footnote omitted; emphasis supplied.) *Bland*, supra at 320 (2).

[4] 221 Ga. App. 118 (470 SE2d 513) (1996).

[5] Id. at 119 (1).

[6] Compare *Dunaway v. Columbia County*, 213 Ga. App. 840, 844 (447 SE2d 31) (1994) (on motion for reconsideration) (county's expert failed to value the property taken as a separate economic unit).