A09A1333. DEPARTMENT OF TRANSPORTATION
v. CROWE et al.

(683 SE2d 695)

JOHNSON, Presiding Judge.

On August 20, 2007, the Georgia Department of Transportation ("DOT") filed a condemnation petition and declaration of taking, pursuant to OCGA §§ 32-3-4 through 32-3-19, to acquire for public use part of a tract of land in Bartow County owned by Walter Crowe and Nelda Crowe Lewis. The taking comprised 1.217 acres out of the 2.807 acres owned by the Crowes, and it included an approximately one acre pond located on the property. The Crowes claimed that the DOT's appraisal of $46,800 did not represent just and adequate compensation for the taking and demanded a jury trial. The jury determined that the Crowes were entitled to $156,074 for the taking, and the DOT appeals, alleging that the trial court improperly allowed the Crowes to introduce evidence of the cost of building a new pond on their remaining property. We find no error and affirm.

The admissibility of evidence rests in the sound discretion of the

trial court, and we will not overturn the trial court's decision to admit evidence unless there is an abuse of that discretion.[1] Where, as here, a governmental entity makes a partial taking of property by condemnation, there are two elements of just and adequate compensation: (i) the market value of the portion actually taken and (ii) the consequential damage, if any, to the remainder.[2] In this case, the DOT filed a motion in limine to prevent a general contractor hired by the Crowes from testifying as to the cost of building a new pond on the Crowes' remaining property. The trial court denied the motion, and allowed the evidence to be presented to the jury.

We have previously held that evidence of damage to property as a result of a taking, as represented by a cost to cure, "may be considered a factor in establishing the reduced fair market value of the remaining property after the taking" although the cost to cure may not be recovered as a separate element of damage.[3] Here, the cost of building a replacement pond was admissible as evidence of the consequential damages resulting from the taking, and we therefore find no error in the trial court's denial of the DOT's motion in limine.[4]

After the trial court denied the DOT's motion, the DOT asked the trial court to instruct the jury that it could not award the Crowes both the enhanced value of the land as a result of the presence of the pond and the value of the pond as a separate item. The DOT acknowledged that such an instruction "would cure" any potential confusion resulting from the introduction of the evidence regarding the cost of the replacement pond. The trial court later provided the DOT's requested instruction.

After additional testimony was introduced, the DOT informed the trial court that it believed the Crowes' expert appraiser was going to testify that the cost of replacing the pond should be awarded to the Crowes as a separate element of damages and not merely as a component of consequential damages. The trial court stated that it still "anticipated" that it would allow evidence of the replacement cost to be introduced, but it deferred any ruling until it had an opportunity to "discuss this issue a little more in detail" with the parties. When the Crowes' expert appraiser was called as a witness, however, the DOT did not raise any objection to his testimony, nor did it seek a ruling on its earlier objection. Instead, the DOT recalled

---

[1] *Hosp. Corp. of Lanier v. Doster*, 254 Ga. App. 169-170 (561 SE2d 846) (2002).

[2] See *Dept. of Transp. v. Ogburn Hardware & Supply*, 273 Ga. App. 124, 125 (1) (614 SE2d 108) (2005).

[3] (Citation and punctuation omitted.) *Steele v. Dept. of Transp.*, 295 Ga. App. 244, 247 (2) (671 SE2d 275) (2008).

[4] See id.

its own expert appraiser, who testified as to why the jury should not award the Crowes any amount related to the cost of replacing the pond.

While the DOT now claims that the trial court erred in allowing the expert appraiser's testimony regarding the replacement cost of the pond, a review of the transcript reveals that it did not secure a ruling on a contemporaneous objection to such testimony. This court has the authority to review rulings of the trial court, and given that the DOT failed to timely secure a ruling, we must affirm the judgment below.[5]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED AUGUST 18, 2009.

*Thurbert E. Baker, Attorney General, Dyer & Rusbridge, Robert M. Dyer*, for appellant.

*Jenkins, Olson & Bowen, Brandon L. Bowen*, for appellees.

---

[5] *Stevens v. Green*, 204 Ga. App. 60, 61 (1) (418 SE2d 377) (1992); *Boggs v. Griffeth Bros. Tire Co.*, 125 Ga. App. 304, 309 (7) (187 SE2d 915) (1972).