## A10A1204. RNW FAMILY PARTNERSHIP, LTD. v. DEPARTMENT OF TRANSPORTATION.

(704 SE2d 211)

SMITH, Presiding Judge.

Following a jury trial in this condemnation case, the superior court entered a judgment in favor of the condemnee RNW Family Partnership, Ltd. ("RNW") in the amount of $109,130. Following the denial of its motion for new trial, RNW appeals, alleging several claims of error. Having reviewed those claims, we find no reversible error and affirm.

The record reveals that RNW owned an 198.13-acre tract of land in McDuffie County, Georgia at the corner of Highway 78 and Highway 278. The lot was also referred to as the corner of Harrison Road and Augusta Highway. As part of a project to construct a limited access highway, the Department of Transportation ("DOT") filed a petition to condemn 13.022 acres of RNW's 198.13-acre tract along with certain easement and access rights. The DOT deposited $72,200 into the registry of the court as just compensation for the property. The trial court then entered an order condemning the 13.022 acres.

RNW contested the amount of compensation offered and requested a jury trial. At trial, RNW presented two expert real estate appraisers on the issue of just and adequate compensation. One placed the total just and adequate compensation for the taking at $1,074,500 ($144,000 for the taking, $900,500 for damages, and $30,000 for water and sewer for the remainder), and the other valued it at $519,000 ($108,000 for the taking and $411,000 for damages). The DOT's expert valued the taking at $109,124 and concluded that this amount was just and adequate compensation. The jury returned a verdict in favor of RNW in the amount of $109,130.

1. RNW first claims that the verdict is "contrary to law and the evidence" because the DOT's expert failed to give any value to RNW's loss of access to approximately 3,800 feet of frontage to Harrison Road. But the record reflects that the expert explained that any access to the DOT bypass along the approximately 3,811 feet of frontage taken along with the 13.022 acres would be limited by the bypass itself and that RNW never owned access rights to the bypass. He explained further that the frontage had been considered in the valuation of the property.

2. RNW contends that the court erred in failing to apply OCGA § 51-12-12. That Code section provides that "[i]f the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence, the trial court may order a new trial as to damages only." OCGA § 51-12-12 (b). But here, "[t]he jury's award was well within

the range of the undisputed and competent evidence before it." (Citation and punctuation omitted.) *Dept. of Transp. v. Jordan*, 300 Ga. App. 104, 107 (684 SE2d 141) (2009). This claim of error is therefore without merit.

3. RNW claims that the trial court erred in failing to give two of its requested jury charges: "The right of access to a public road is a property right which arises from the ownership of land adjacent to a public road, and the landowner cannot be deprived of this right without being paid just and adequate compensation," and

> Interfering with access to a property by impeding or making it difficult to access (either into or out of) is a taking that entitles the property owner to just and adequate compensation. Any substantial interference with existing rights of ingress and egress will entitle a landowner to damages, it is not necessary for a condemning authority to have totally cut off access to a property.

> It is well settled that

> [i]n order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. Further, the mere fact that a requested charge was taken from an opinion of our appellate courts does not render its use appropriate in charging the jury.

(Citation, punctuation and footnote omitted.) *Ga. Dept. of Transp. v. Miller*, 300 Ga. App. 857, 864 (4) (a) (686 SE2d 455) (2009). Here, RNW's first requested charge is nearly identical to jury instructions given by the trial court. The court's instructions also sufficiently covered the concept of loss of access.

> Even though a request to charge may be apt, correct and pertinent, it is not necessarily error to fail to charge it. We must look to the charge as a whole to determine whether the court substantially covered the principles embodied therein or whether it was sufficiently or substantially covered by the general charge.

Id. at 865 (4) (a). Viewing the charge as a whole, we find no error. The trial court therefore did not err in refusing to give the requested charges.

4. RNW argues that the verdict cannot stand because the DOT's expert relied upon a "pro rata" method of determining the value of

the property without considering its unique characteristics.[1] Valuation of the portion condemned on a pro rata basis relative to the entire tract is not allowed "in the absence of an evidentiary foundation for such a conclusion." (Citation and punctuation omitted.) *Ga. Dept. of Transp. v. Crumbley*, 271 Ga. App. 706, 708 (610 SE2d 663) (2005).

Here, each expert relied upon the "pro rata" method in determining the value of the property taken, and each explained the basis for his conclusion. One of RNW's experts explained that after the taking "the commercial aspect is no longer there. You no longer have access along Harrison Road," and that "you've eliminated all the pluses that that corner has . . . it's going to lower the value of the houses and decrease the value of the lots." He testified further to the reduction in the value of the remainder after the taking. RNW's second expert testified that the remainder of the property would have no access points along the bypass and would have limited access along Augusta Highway. He testified further that the taking would remove "any commercial viability for that corner. So, basically the remainder of the property all becomes single-family residential property." The testimony from RNW's experts establishes that they determined that the value per acre of the portion taken from the whole is more than the value per acre of the whole tract. See *Loggins v. Dept. of Transp.*, 264 Ga. App. 514, 515-516 (591 SE2d 365) (2003).

The DOT's expert explained that he considered the value of the entire parcel, the value of the taking, and whether the value of the remainder was less as a result. He determined that the remainder of the property would be enhanced in value by the construction of the bypass which "makes it more readily marketable." He explained further that a small portion of the remainder could be used for residential lots and that for the larger remainder, "the highest and best use stays the same. You can continue using it for agricultural use until these urban uses develop, the demand for them appears." The expert therefore essentially concluded that the value per acre of the portion taken from the whole is less than the value per acre of the whole tract. See *Loggins*, supra at 515-516. Under these circumstances, RNW has failed to show any error in the experts' use of the "pro rata" method of valuation. See id.

5. RNW contends that the trial court erred in failing to inform the jury that it could consider the right to cure as a part of consequential damages. Following RNW's expert's testimony that the cost to connect water and sewer to the remainder of the property

---

[1] The record also reveals that the trial court and counsel for the DOT acknowledged, in the presence of RNW's counsel, that *all* of the experts used the "pro rata" method.

after the taking would be $30,000, the DOT moved to strike the testimony, arguing that the expert cannot "add in the cost to cure something on the consequential damage." After some discussion, the DOT agreed to reserve the motion to strike and to allow the expert to continue his testimony.

When the DOT renewed its motion to strike, the following colloquy took place:

> THE COURT: All right. While he's looking at that, [trial counsel], on the other point, are you familiar with the case of *Steele vs. DOT* decided on November 25th, 2008?
>
> [Trial Counsel]: No, Your Honor, I'm not.
>
> THE COURT: Okay. That case held, [a]s a result of the taking, cost to cure may be considered a factor in establishing reduced fair market value of remaining property after taking; however, it is not recoverable as a separate element of damage. The issue is not whether specific monetary value is assigned as cost to cure but whether the evidence is improperly used to claim cost to cure as a separate element of damage rather than to properly explain how cost to cure was used as a factor in determining consequential damages. Doesn't that answer the question?
>
> . . .
>
> [Trial Counsel]: I believe it does. As to the $30,000?
>
> THE COURT: Yes, sir.
>
> . . .
>
> THE COURT: All right. I'm going to hear all the evidence and then I'll rule, and I'll instruct the jury accordingly. But, now, I will tell them about the $30,000, or if you want to go on and do it yourself, that's fine if you want to handle it.
>
> [Trial Counsel]: I'll try to handle it, Your Honor. If I don't do a good enough job, I know you will correct me.
>
> THE COURT: All right, sir. I don't mind telling them myself, now, if you want me to.
>
> [Trial Counsel]: I think we can — I'll try to clear it up, Your Honor.

When trial counsel failed to have the expert clarify that the cost to cure is not recoverable as a separate element of damages, the court sua sponte instructed the jury: "before we start back, I want to make you aware of a ruling that I have made. And that is that the $30,000 that [the expert] testified to that it would cost, I believe, to connect some water or so forth is not a separate item of damages that can be recovered as a separate item by the Condemnee."

The court was correct in explaining to trial counsel that "evidence of damage to property as a result of a taking, as represented by a cost to cure, may be considered a factor in establishing the reduced fair market value of the remaining property after the taking although the cost to cure may not be recovered as a separate element of damage." (Citation, punctuation and footnote omitted.) *Dept. of Transp. v. Crowe*, 299 Ga. App. 756, 757 (683 SE2d 695) (2009). Although the trial court instructed the jury that the cost to cure may not be recovered as a separate element of damage, it did not inform the jury that the cost to cure could be a factor in establishing the reduced fair market value of the remaining property after the taking. But RNW did not take advantage of the opportunity provided by the court to have its expert clarify cost to cure for the jury. And RNW has waived any claim of error because it made no objection following the court's instruction. See OCGA § 5-5-24 (a); *Singleton v. Terry*, 262 Ga. App. 151, 155 (4) (584 SE2d 613) (2003). Moreover, we find no substantial error in the court's instruction that was harmful as a matter of law in light of the court's charge to the jury at the end of trial concerning consequential damages. See OCGA § 5-5-24 (c).

6. Finally, RNW complains that the trial court erred in allowing the DOT during opening statements "to inform the jury of the procedure used to bring this case before a jury." But RNW "did not object to the specific language in the opening statement about which they now complain. Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived." (Citation omitted.) *Southern Cellular Telecom v. Banks*, 208 Ga. App. 286, 287 (2) (431 SE2d 115) (1993).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 24, 2010.

*Jimmy D. Plunkett*, for appellant.
*Thurbert E. Baker, Attorney General, Capers, Dunbar, Sanders, Bruckner & Bellotti, Paul H. Dunbar III*, for appellee.